THE STATE *v.* AYDELOTT.

An indictment for malicious trespass alleged that the defendant did " maliciously and mischievously injure and cause to be injured a certain house, the property of one *William M'Mahon*," situate, &c., " of the value of fifty dollars, to the damage of said *William M'Mahon* five dollars, contrary to the form of the statute," &c. *Held,* that the offence was insufficiently described.

The indictment should have shown the specific injury done to the house.

ERROR to the *Harrison* Circuit Court. *Thursday, June 6.*

DEWEY, J.—This was a prosecution for a malicious trespass. The indictment charged that the defendant did " maliciously and mischievously injure and cause to be injured a

certain house, the property of one *William M'Mahon*," situate, &c., "of the value of fifty dollars, to the damage of the said *William M'Mahon* five dollars, contrary to the form of the statute," &c. The Court, on the motion of the defendant, quashed the indictment.

We think the decision was right. The description of the offence is too vague. It is true, that in describing the crime, the indictment adopts the language of the statute creating it. But this mode of setting out an offence is not always attended with the requisite certainty. There is in general no essential difference, as to the precision required in describing the crime, between an indictment at common law, and one founded on a statute. 1 Chitt. C. L. 275. And it has accordingly been held, that an indictment for obtaining money by *false pretences* was bad, although the description of the offence given by the statute was pursued in the indictment. It was considered necessary for the indictment to show what the false pretences were. *The King* v. *Mason*, 2 T. R. 581.

The indictment under consideration should have shown the specific injury done to the house. This was necessary in order to apprize the defendant, with certainty, of the crime with which he was charged, and to enable him to plead the verdict in any future prosecution for the same offence.

*Per Curiam.*—The judgment is affirmed.

*W. A. Porter*, for the state.

*J. W. Payne*, for the defendant.