DIVINE *v.* THE STATE.

An indictment for selling spirituous liquor by retail, without license, which omits to state a price for which the liquor was sold, is bad on motion to quash.

ERROR to the *Jefferson* Circuit Court.

STUART, J.—Indictment for vending spirits without license. Motion to quash overruled. Trial and judgment for the state.

No authorities are cited on either side. We are therefore ignorant of the ground assumed on the motion to quash in the Court below.

The objection we find to the indictment is, that there is no allegation of the price for which the liquor was sold. On motion to quash, this defect is fatal. Every fact essential to be proved, should be alleged. Here the pleader alleges a "sale," which is a conclusion from the facts, and leaves the important element of price, a fact essential to support the idea of sale, to be inferred. Perhaps, had all the facts been stated, the Court might have considered it a barter. It is inverting the order of pleading to allege conclusions, and leave the facts to inference.

The motion to quash should have been sustained.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. R. Troxell*, for the plaintiff.

*D. S. Gooding*, for the state.