HARE *v.* THE STATE.

May Term, 1853.

HARE
v.
THE STATE.

After verdict against a defendant indicted for retailing spirituous liquor without license, a motion for a new trial will not be granted because the price for which the liquor was sold was omitted in the indictment.

It is not clear that a motion in arrest of judgment would be sustained for that omission.

The motion for a new trial does not go to the indictment.

In the absence of any other specified cause, it is directed to the sufficiency of the evidence.

ERROR to the *Jefferson* Circuit Court.

*Monday,*
*June 6.*

STUART, J.—Indictment for retailing. Trial by the Court; finding of guilty; motion for a new trial overruled; and judgment for the state. The evidence is embodied in a bill of exceptions.

Here, as in *Divine* v. *The State, ante,* p. 240, no price is alleged. A motion to quash, made in time, must have prevailed. If, however, a defendant, either from negligence or policy, seek first the chances of a verdict, he ought not, afterwards, especially on motion for a new trial, to be permitted to fall back on the defects of the indictment. And this the more, since he has taken pains to set out all the evidence, and thus show that the defect of allegation was supplied.

It is not very clear that a motion in arrest of judgment would avail him. In *The State* v. *Murphy,* on a charge of felony, this doctrine is incidentally recognized. The motion made was in arrest of judgment—the appropriate one to test the sufficiency of the pleadings. Yet the Court held that the defect objected to was not sufficient to arrest the judgment, though it might have been a good cause for a motion made, in proper time, to quash the indictment. 8 Blackf. 498.

The motion for a new trial does not go to the indictment. In the absence of any other specified cause, it is directed to the sufficiency of the evidence. That is the only question raised by the motion in this case; and we are of opinion that it was correctly overruled in the Court

May Term,
1853.

below. It appears from the evidence that there was 5 cents paid for the liquor. After trial and verdict, and especially on a motion going to the evidence only, we think the judgment should stand.

*Per Curiam.*—The judgment is affirmed with costs.

*J. W. Chapman*, for the plaintiff.

*D. S. Gooding*, for the state.