Nov. Term,
1853.

THE STATE
v.
MILES.

---

(1) *Ante*, p. 574.

Saturday,
December 24,

---

THE STATE *v.* MILES.

An information, under the R. S. 1852, must contain all the substantial requisites of an indictment at common law.

An information for retailing spirituous liquor which does not allege a price for which the liquor was sold, is bad.

APPEAL from the *Tippecanoe* Court of Common Pleas.

*Per Curiam.*—This was an information for retailing spirituous liquors without license. The information al-

Saturday,
December 31.

leges that the defendant, on, &c., at, &c., did unlawfully sell and retail spirituous liquors, directly and indirectly, without license, in a less quantity than one gallon, and sold the same to one *Ralph Heath*, to-wit, one drink, &c.

Upon the defendant's motion, the information was quashed.

We think the Court ruled correctly. The information contains no allegation of the price for which the liquor was sold. Without such averment, the facts constituting the offence are not properly stated. The information " must be direct and certain as it regards the party and the offence charged." R. S. 1852, vol. 2, p. 367. In our opinion, it must contain all the substantial requirements of an indictment at common law. We have decided that an indictment is defective for not alleging the price for which the liquor was sold. *Divine* v. *The State, ante*, p. 240. The judgment is affirmed.

*L. Reilly*, for the state.

*W. C. Wilson* and *W. F. Lane*, for the appellee.