Nov. Term,
**1854.**

HORNBERGER *v.* THE STATE.

HORNBERGER
*v.*
THE STATE.

Information against *H.* for retailing spirituous liquor. The defendant was convicted and judgment rendered accordingly. No motion to quash the information, or for a new trial, or in arrest of judgment, was made, nor was any exception taken to any ruling of the Court, during the progress of the trial. *Held,* that, under the R. S. 1852, there was nothing presented in the record for the Supreme Court to review.

The writ of error is abolished in this state by the R. S. 1852.

A party who would have a question reviewed in the Supreme Court, must take the proper steps at the proper time, as prescribed by statute, and the record must show the fact. It is too late to raise the question in the first instance in the Supreme Court.

*Tuesday,*
*November 28.*

APPEAL from the *Dearborn* Court of Common Pleas.

STUART, J.—Information against *Hornberger* for retailing, &c. Trial by the Court, fine 10 dollars, and judgment accordingly.

*Hornberger* appeals; but on what grounds does not very clearly appear.

There was no exception taken to any ruling of the Court in the progress of the trial. 2 R. S. 377.

No motion was made for a new trial nor in arrest of judgment. 2 R. S. 380.

There is none of the evidence in the record; nor does it appear that he even interposed a motion to quash the information. 2 R. S. 368.

At the common law there were some defects which might be taken advantage of, either by motion to quash, or by motion in arrest, or upon error. But now the writ of error is abolished. 2 R. S. 158.—*id.* 381. The motion to quash, motion for a new trial, and motion in arrest of judgment, yet remain, curtailed and modified by statute. 2 R. S., *supra.* In their very nature, each of these motions, with their several incidents, are to be addressed to the Court below. But the statute does not leave this matter in doubt. It is minutely provided when, how, and in what order they are to be made. 2 R. S., *supra.* If any ruling of the Court in the premises is deemed incorrect, the statute further points out the time and mode of exception and appeal. 2 R. S. 377, 381.

These are the established modes of raising points in the record, for the consideration of this Court. A bare appeal can not of itself avail the party taking it, unless the preliminary steps to raise questions in the record have been adopted. It is not the errors pointed out in argument that we are to review. Nor, in general, even the errors apparent in the record. But it is the errors to which the aggrieved party has excepted at the time, in the manner pointed out in the foregoing statutes.

Whether there may not be some exceptions to this rule, is not now before us to inquire; and no opinion is intimated.

It is sufficient in this case that *Hornberger* does not appear as objecting to anything. There is consequently nothing presented in the record for us to review. We are bound to presume that all things were done correctly in the Common Pleas, unless the contrary is made to appear.

The whole spirit of the new code is to hold every failure to assert a legal right at the proper time, to be a waiver of that right. It gives still greater consequence to the legal maxim, that "the law favors the vigilant." To this end it is specific as to the objections available in criminal cases; and it is specific as to when, where, and in what manner, they should be made. The object seems to have been, that cases should not be reversed in this Court on questions never raised or agitated in the Court below.

If, therefore, parties would have decisions made against them reversed, they must take the proper steps, at the proper time; and the record must show that fact. 2 R. S. 377, 380. It is too late to raise such questions for the first time in this Court, by way of argument.

This doctrine does not conflict with *Divine* v. *The State*, 4 Ind. 240; for there the defendant interposed a motion to quash.

Nor does it conflict with *Hare* v. *The State*, *id.* 241; for there the defective allegation was aided by the evidence.

Nor does it conflict with *Wood* v. *The State*, at the present term; for that case is governed by the law in force prior to the taking effect of the Revised Statutes.

There being no question raised in the record, and nothing for us to decide, the judgment of the Common Pleas must stand.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Ryman*, for the appellant.

*R. A. Riley*, *N. B. Taylor*, and *J. Coburn*, for the state.