May Term,
1855.

Segur
v.
The State.

Wednesday,
June 13.

. Segur *v.* The State. ,

An indictment for selling spirituous liquor by retail did not allege a price for which the liquor was sold. *Held,* that the indictment was bad on motion to quash.

APPEAL from the *Bartholomew* Circuit Court.

Davison, J.—Indictment. The charge is that *Segur,* on, &c., at, &c., not being licensed, &c., did then and there sell spirituous liquors, by a less quantity than a quart at a time, to one *John McKinney,* contrary, &c. Motion to quash the indictment overruled. The defendant then pleaded not guilty. There was a trial by the Court and a finding for the state. The defendant thereupon moved for a new trial and in arrest of judgment; which motions were denied, and judgment given against him, &c.

*John McKinney,* a witness for the prosecution, testified upon the trial, that on the 9th of *August,* 1851, within *Bartholomew* county in said state, he purchased whiskey by a less quantity than a quart at a time from the defendant, and paid him therefor 5 cents.

The indictment is said to be defective, because it does not allege the price for which the liquor was sold. This Court so held in *Divine* v. *The State,* 4 Ind. 240, and we are inclined to adhere to that decision. If the defendant, without moving to quash, had proceeded to trial, he could not, under the evidence in this cause, have availed himself of the defect in the indictment on motion for a new trial. *Hare* v. *The State, id.* 241. But here the objection was raised at the earliest stage of the case, and should have been sustained.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. W. Chapman* and *J. B. Merriwether,* for the appellant.

*R. A. Riley, N. B. Taylor* and *J. Coburn,* for the state.