## THE STATE v. DOWNS.

Prosecution for vending spirits contrary to the act of 1853. The affidavit, after alleging a purchase of two gallons from the defendant, which had been taken away at six different times, and that one quart of the last gallon was still due, &c., was as follows: He (the deponent) "pays" the defendant 40 cents per gallon, &c. The information was in better form.

Held, that the affidavit, to have been sufficient, should have alleged a price paid.

Held, also, that the defect in the affidavit could not be cured by the information.

APPEAL from the White Court of Common Pleas.

STUART, J.—This was a charge of vending spirits in violation of the act of 1853. Motion to quash sustained. The state appeals.

Nov. Term,
1855.

The affidavit is in this form: *James Wilson* swears that he buys his liquor by the gallon from *Samuel Downs*, but takes it away by the quart. He has bought from said *Downs* two gallons, which he took away at six different times, and there is still due witness one quart of the last gallon. He pays said *Downs* forty cents per gallon for the spirituous liquor. This he has purchased from said *Downs* since the approval of the liquor law of *March* 4th, 1853, and since the same came into force.

The information filed by the prosecutor is in better form. But the regularity of that can not aid the defect of the affidavit. The charge, as contained in the affidavit, does not allege a price. It alleges the usual course of trade between the parties: "he pays," viz., is to pay, "40 cents a gallon." But that is no allegation of price. The averment should be direct as to the price *paid. The State* v. *Miles*, 4 Ind. R. 577.—*Divine* v. *The State, id.* 240.—*Brutton* v. *The State, id.* 601.

The affidavit does not support the information. The motion to quash was therefore properly sustained.

*Per Curiam.*—The judgment is affirmed.

