Nov. Term,
1856.

REED
v.
THE STATE.

---

## REED v. THE STATE.

Indictment for homicide in the Boone Circuit Court. Plea, not guilty. On motion and affidavit by defendant, the venue was changed to the Clinton Circuit Court, where he was tried, convicted, and sentenced to six years imprisonment. The indictment states that N. R., late, &c., did, on, &c., at, &c., unlawfully, feloniously, and wilfully, kill, slay, and murder one M. G., a human being, involuntarily, by then and there shooting the said M. G. through the head, with a certain gun, loaded and charged with gunpowder and leaden shot, which he the said N. R. then and there had and held, in the commission of an unlawful act, to-wit, in an endeavor and attempt by him, the said N. R., then and there with intent to shoot, kill, and murder, one L. M.; and so the jurors aforesaid, upon their oath aforesaid, do find and say that the said N. R. did unlawfully and feloniously kill and slay the said, &c. A second count charges the killing in the attempt to commit an unlawful act, without stating what the act was.

Held, that the first count, though inartificially drawn, contains the substantial requisites of an indictment for manslaughter.

Held, also, that the word "murder," as used in the indictment, may be rejected as surplusage.

Held, also, that the indictment being good as a charge of manslaughter,

the general verdict of guilty, fixing the punishment, was responsive to the indictment.

*Held,* also, that the statute required the indictment to be recorded in the Court where it was found, and not in that to which the venue was changed.

*Held,* also, that the object of the statute is to prevent a failure of justice in case the indictment should be lost or purloined, and the recording of it is not necessary to give validity to the original; but were it necessary, this indictment must be presumed to have been recorded in the *Boone* Circuit Court.

*Held,* also, that as the record shows that the original indictment was transmitted to the *Clinton* Circuit Court, it appears with sufficient certainty that the defendant was tried upon it.

*Held,* also, that the second count was bad.

Nov. Term, 1856.

REED
v.
THE STATE.

APPEAL from the *Clinton* Circuit Court.

Saturday, November 29.

GOOKINS, J.—The appellant was indicted in the *Boone* Circuit Court for a homicide. On his arraignment he pleaded not guilty, and on his motion, and upon affidavit showing cause, the venue was changed to the *Clinton* Circuit Court, where he was tried, convicted, and sentenced to the State's prison for six years; from which judgment he appeals.

Motions for a new trial and in arrest of judgment were interposed at the proper time and overruled.

Several objections are taken to these proceedings, which will be noticed.

It is said the verdict should have been set aside, because it is not responsive to any charge in the indictment. It is further insisted that the indictment does not charge any offense; or, at least, it is uncertain which of several offenses is intended. It states that the said *Nial Reed* on, &c., at, &c., did unlawfully, feloniously, and wilfully, kill, slay, and murder one *Matthias George*, a human being, involuntarily, by then and there shooting the said *Matthias George* through the head, with a certain gun loaded and charged with gunpowder and leaden shot, which he the said *Nial Reed* then and there had and held, in the commission of an unlawful act, to-wit: in an endeavor and attempt by him, the said *Nial Reed*, then and there with intent to shoot, kill, and murder

one *Lewis Miller;* and so the jurors aforesaid, upon their oath aforesaid, do find and say that the said *Nial Reed* did unlawfully and feloniously kill and slay the said *Matthias George,* on, &c., at, &c.

Another count charges the killing in the attempt to commit an unlawful act, without stating what the act was. This count is evidently defective, and need not be further noticed., The unlawful act should have been specified. *The State* v. *Aydelott,* 7 Blackf. 157.—*Ball* v. *The State, id.* 242.

The first count is inartificially drawn, but we think it has the substantial requisites of an indictment for manslaughter. The 2 R. S. p. 368, s. 59, provides that the words used in the statute to define a public offense need not be strictly pursued in the indictment, but other words, conveying the same meaning, may be used. This count does not contain a charge of murder in the second degree, because the act is not alleged to have been done maliciously. That word has a technical meaning, and is necessary in a description of the offense. 2 R. S. p. 396, s. 7. Words defined by law must be construed according to their legal signification. 2 R. S. p. 368, s. 58. Manslaughter is the unlawful killing of a human being without malice express or implied, either voluntarily, upon a sudden heat, or involuntarily, but in the commission of some unlawful act. 2 R. S. p. 397, s. 8. Here the unlawful killing is alleged; that it was done involuntarily, and in the commission of an unlawful act. It is not necessary to negative malice in describing the offense. Arch. Cr. Pl. 416. It is true that the word "murder" is used in the indictment; but that may be rejected as surplusage. Arch. Cr. Pl. 101. An indictment which charges the killing to have been done feloniously, wilfully, and with malice aforethought, but yet does not contain the technical words descriptive of the crime of murder, is an indictment for manslaughter. *Dias* v. *The State,* 7 Blackf. 20.

The indictment being good, as a charge of manslaugh-

ter, the verdict, which was a general verdict of guilty, and affixing the appropriate punishment, was responsive to the indictment.

This disposes of the argument based upon the supposition that the count was intended to charge murder in the second degree, and we need not inquire whether, under our statute, there can be a conviction of manslaughter upon an indictment for murder; nor whether, if there may be such conviction, the verdict should find the defendant not guilty of the higher offense. As to these points, see 2 R. S. p. 370, ss. 72, 73, 74.

We see no ground for granting a new trial; or for arresting the judgment. for any defect in the indictment, or in the form of the verdict.

An objection taken to the conviction is, that the *Clinton* Circuit Court had no jurisdiction of the cause, because it is not shown that the indictment was recorded in that Court, or that the defendant was tried upon it. In *Doty* v. *The State*, 7 Blackf. 427, the defendant having obtained a change of venue, the record did not show that the original indictment was sent to the Court to which the change was ordered, but only a transcript of it; and because it did not appear that the defendant was tried upon the original, nor that it had been recorded in the Court which tried the cause, the judgment was reversed. It appears, however, from the record before us, that the defendant was arraigned upon the indictment in the *Boone* Circuit Court, and that he pleaded to it there, before he applied for a change of venue. It also appears that the original indictment was transmitted to and filed in the *Clinton* Circuit Court. As to the recording, the statute provides that every indictment must be recorded by the clerk, during the term at which the same is found; that the judge must compare the record with the original, and certify to its correctness; and that in case of loss of the original, the defendant may be tried upon a certified copy of the record. 2 R. S. p. 369, s. 68. There is a further provision similar to this. *Id.* 384. This statute required the indictment to be record-

ed in the Court where found, but not in the Court to which the venue was changed. Its object was to prevent a failure of justice in case the indictment should be lost or purloined, and was not necessary to give validity to the original. If necessary, we must presume it was duly recorded in the *Boone* Circuit Court.

No recording in the *Clinton* Circuit Court having been necessary, and the original indictment having been filed there, we think it appears with sufficient certainty that the defendant was tried upon it. The record states the order of events in the usual mode, except the arraignment and plea, which having occurred in the *Boone* Circuit Court, it was unnecessary to repeat. The attorney for the State came, and also the defendant in person and by his attorneys, and the trial of the cause was submitted to a jury, to-wit., &c. See *Engleman* v. *The State*, 2 Ind. R. 91.

*Per Curiam.*—The judgment is affirmed with costs.

*A. J. Boone* and *H. Shannon*, for the appellant.

*D. C. Chipman*, for the State.