### DOWNEY v. THE STATE.

CRIMINAL LAW AND PRACTICE.—In an indictment or information for selling liquor without license, contrary to law, it is sufficient to allege generally that the defendant sold "intoxicating liquor," without stating what particular kind of liquor he sold.

APPEAL from the *Steuben* Circuit Court.

*Per Curiam.*—The indictment in this case, alleges that *Nicholas Downey*, on, &c., at, &c., not being licensed, &c., did then and there sell to *Washington Hunt* intoxicating liquors, in a less quantity than a quart, contrary, &c.

Defendant moved to quash the indictment; but the motion was overruled, and he excepted.

The indictment is alleged to be defective, because it fails to point out the particular kind of liquor which the defendant sold. There is nothing in this objection. In *Simpson* v. *The State*, 17 Ind. 444, it was held that an indictment, charging the sale of "intoxicating liquor" generally, was sufficient. See also, *Hauser* v. *The State*, *May* term, 1862.

The judgment is affirmed, with costs.

*A. Ellison*, for the appellant.

*Oscar B. Hord*, Attorney General for the State.