## Ferris *v.* Johnson and Others.

TRESPASS.—PLEADING.—Suit for a trespass upon lands.   The act of trespass charged was the entering upon the bed of a river, which was one of the boundaries of the plaintiff's land, between the thread of the stream and the bank, and removing bowlders therefrom.   Answer: 1. The general denial.   2. That the *United States* surveys meandered the bank of said river, and did not include the bed of said stream, and that the plaintiff was not the owner or in the possession of the bed of said stream, where, &c.   To a reply filed to the second answer a demurrer was sustained, and the plaintiff refusing to reply further, judgment was given for the defendant.

*Held,* that the second answer was only a denial of the cause of action, and as no reply thereto was necessary, there was no error in sustaining a demurrer to it.

*Held,* also, that the judgment for the defendant, for want of a reply, was erroneous, but no exception having been taken, the error cannot be regarded.

APPEAL from the *Marion* Circuit Court.

ELLIOTT, J.—Suit by *Ferris,* the appellant, against *Johnson* and others, for trespass upon real estate.   The complaint

alleges that on the first day of *May*, 1862, and at all times thereafter, "the plaintiff was, and still is, the owner in fee simple of the following described real estate, situated in *Marion* county, State of *Indiana*, to-wit: All of the south-west quarter of section 15, in township 16 north, of range 3 east, west of *White* river, and of the bed of *White* river adjoining, to the middle line thereof; and being the owner and in lawful possession thereof, the defendants, at the several times hereinafter mentioned, with force and arms, and with strong hands, did unlawfully and forcibly enter into and upon said tract of land, and upon the bed of *White* river adjoining thereto, between the middle line of said river and the bank thereof, adjoining thereto, with horses and wagons, and did, with force and strong hand, unlawfully take and carry away two thousand cubic yards of stone, to-wit, of bowlders, the property of the plaintiff, of the value of two thousand dollars, and other wrongs then and there did, to the plaintiff's damage two thousand dollars," for which he demands judgment. A statement of the amount and value of the stone is annexed to the complaint, in which it is alleged that the trespasses were committed on the first of *May*, 1862, and at divers other dates to *October* 1st of the same year.

The defendants answered in two paragraphs. 1. The general denial. 2. "That the supposed breaking and entering and carrying away of stone and bowlders were done in the bed of *White* river, below low water mark; that said bed of *White* river, at the place where said supposed trespasses were committed, was never surveyed, sold, given or donated to any private person, or private use; and that the land mentioned in the complaint was surveyed on all sides, under the authority of the *United States*, so as to exclude said bed of *White* river, and the said river, on the east side of said land, was meandered by the *United States* surveyor, on the banks thereof, in said survey; and that at the time of said supposed trespass, the plaintiff was neither the

owner nor in possession of said bed of *White* river, where said supposed trespasses were committed."

To the second paragraph, the plaintiff replied "that the part of the bed of *White* river mentioned in the complaint was, and is, adjoining to the tract of land described in the complaint, and the land on the east side is bounded thereon; that said part of *White* river is not a navigable river; that the tide does not ebb and flow in said river, nor is it used for the purposes of navigation; that at the time said land was surveyed by the *United States,* the said land and river bed belonged to the *United States* in fee simple; that on the 24th day of *July,* 1831, the *United States* sold and conveyed said tract of land to one *William C. Vanblaricum,* in fee simple, bounding said land upon said river, making no reservation in regard to said bed of said river, and this plaintiff holds said tract of land by regular chain of title from the original grantee, and has all the rights of the *United States* and said original grantee to said part of the bed of *White* river, under said regular chain of conveyance, and this he is ready," &c.

The court sustained a demurrer to the reply, and ordered that the plaintiff "answer over as to said second paragraph of said answer." The plaintiff excepted to the opinion of the court in sustaining the demurrer. And the plaintiff declining to reply further to the second paragraph of the answer, the court rendered a final judgment for the defendants.

Under section 56 of the code, an answer may contain, first, a denial of each allegation of the complaint controverted by the defendant; and, second, a statement of any new matter constituting a defense, counter-claim or set-off, in plain and concise language, without repetition. In other words, the defendant may deny the cause of action, and at the same time plead any new matter constituting a valid defense in justification, or in bar of the action.

The second paragraph of the answer in the case at bar, does not set up any new matter in justification of the

alleged trespasses. It does not assume to confess and avoid the cause of action complained of. Argumentatively, it attempts to deny the plaintiff's title to the *locus in quo*, and concludes by an express denial that he either owned or was in possession thereof. "Every special plea of justification states circumstances which either excuse the fact complained of, or show it to be lawful. It must therefore admit or confess such fact, otherwise it is not a justification, but a denial of the fact, and amounts to the general issue." 1 Chitty's Pl. 455. This paragraph admits that the defendants entered upon the *locus in quo* and carried away the stone; but instead of setting up matter in justification, which would constitute a valid bar to the action, it simply denies the allegation of the complaint that the plaintiff was the owner and in the possession of the place where the act was done, and presents no new matter to be replied to. The reply, therefore, was unnecessary and improper, and might have been treated as surplusage, or stricken out on motion. The general denial being also pleaded, the second paragraph of the answer might have been rejected on motion. There was no available error in sustaining the demurrer to the reply, as the plaintiff was not injured thereby. But the court erred in ruling the plaintiff to a further reply, and in rendering a final judgment in the case against him without a trial, because of his refusal to file such reply. No exception, however, was taken in the Circuit Court to these rulings, and, although they are embraced in one of the errors assigned, we cannot reverse the judgment, under the statute, and the repeated rulings of this court, in the absence of proper exceptions. 2 G. & H., pp. 209, 210; *Hornberger* v. *The State*, 5 Ind. 300; *Zehnor* v. *Beard*, 8 Ind. 96; *Young* v. *McLane*, id. 357.

Under the view thus taken of the pleadings, we are not called upon to decide the question intended to be raised, and which has been discussed by counsel, viz., whether the proprietor of a tract of land, bounded on one side by a water course, which was meandered by the public surveys

of such lands made under the authority of the *United States*, is the owner in fee of the bed of the stream, to the center thread thereof. The question is not presented by the record, and as it is one of importance, upon which there is a direct conflict in the decisions of the highest judicial tribunals of the country, we deem it a duty to refrain from expressing an opinion in reference to it, which could only be regarded as an *obiter dictum.*

The judgment is affirmed, with costs.

*L. Barbour*, for appellant.

*A. G. Porter, B. Harrison* and *W. P. Fishback,* for appellees.