## LEARY *v.* THE STATE.

LIQUOR LAW.—*Indictment.*—An indictment for selling intoxicating liquor need not state the kind of liquor sold.

SAME.—*"Barter and Sell."*—An allegation that defendant "did barter and sell," with an averment that the liquor was sold for twenty cents, is good, the word barter being regarded as mere surplusage.

SAME.—*Allegation.*—*Proof.*—An allegation that the liquor was sold to be drank in the house, out-house, stable, yard, and garden where sold, does not vitiate the indictment, but may enlarge the proof to be made by the State.

FEES AND SALARIES.—*Constitutional Law.*—The fee and salary act of 1871, so far as it fixes fees, is constitutional.

APPEAL from the Hendricks Circuit Court.

BUSKIRK, C. J.—The appellant was indicted, tried, and convicted in the court below for selling intoxicating liquors by a less quantity than a quart at a time. A motion was

made to quash the indictment, but was overruled by the court. A motion for a new trial was made and overruled.

It is insisted by the counsel for appellant that the indictment was defective in several respects.

First. That it did not state what kind of liquor was sold. There is nothing in this objection. *Houser* v. *The State*, 18 Ind. 106; *Downey* v. *The State*, 20 Ind. 82; *The State* v. *Mondy*, 24 Ind. 268.

Second. It was claimed that the indictment was bad, because it averred that the defendant did barter and sell. It is alleged that the liquor was sold for twenty cents. This allegation makes it a sale. A barter is an exchange of one article for another. The word barter will be regarded as mere surplusage. It cannot vitiate the indictment. There is nothing in this objection.

It is next maintained that the indictment was bad, because it alleged that the liquor was sold to be drank, and suffered to be drank, in the house, out-house, stable, yard, and garden where sold. The allegation that the liquor was to be drank in all the above named places would not render the indictment bad, but it might enlarge the proof to be made by the State.

After the finding and judgment in the court below, the appellant moved the court to tax no costs against him, because there is no law now in force in this State authorizing the taxation of costs against him, when he was indicted before the fee and salary law of 1871 passed. The motion was overruled, and the question is preserved by a bill of exceptions. The point made is, that the fee and salary act of 1871 repealed all other laws upon the subject, and that such act is unconstitutional and void. We have, by a unanimous opinion of the court, held that such act was valid, so far as it related to the fees therein prescribed, but we were equally divided upon the question of whether that portion of the law which required such fees to be paid into the county officers' fund was constitutional. There is no doubt that the fees therein specified may be charged, taxed, and collected,

but it is an open question as to what shall be done with such fees when collected.

We are of the opinion that the court committed no error in overruling the motion to quash the indictment and the motion in reference to the costs.

The evidence not being in the record, no question arises in the record based upon the action of the court in overruling the motion for a new trial.

The judgment is affirmed, with costs.

*C. C. Nave* and *C. A. Nave*, for appellant.

*B. W. Hanna*, Attorney General, for the State.