## THE STATE v. BUCKNER.

LIQUOR LAW.—*Indictment.*—Indictment under the act of March 17th, 1875, for selling intoxicating liquor in a less quantity than a quart, the defendant "not then and there being licensed, according to the laws of Indiana in force at the time, to sell intoxicating liquor at retail."

*Held*, on motion to quash, that such allegation of the defendant's not having procured a license, though not in the words of the statute, was sufficient.

From the Morgan Circuit Court.

*C. A. Buskirk*, Attorney General, and *A. M. Cunning*, Prosecuting Attorney, for the State.

*G. W. Grubbs, M. H. Parks* and *J. H. Jordan*, for appellee.

BIDDLE, C. J.—Indictment against the appellee for selling intoxicating liquor in a less quantity than a quart. The charging part of the indictment is as follows:

"That, at said county of Morgan, on the 1st day of August, 1875, one Thomas J. Buckner did then and there unlawfully sell intoxicating liquor, in a less quantity than a quart at a time, to wit, the quantity of one gill, at and for the price of ten cents, to one Eugene Buntel; the said Buckner not then and there being licensed, according to the laws of Indiana in force at the time, to sell intoxicating liquor at retail; contrary," etc.

On motion of the appellee, the court quashed the indictment. The State excepted, and appealed. It is urged by the appellee, that the allegation in the indictment that the sale was made without a license is insufficient. The indictment is founded on the act of March 17th, 1875, Acts Spec. Ses. 1875, 55, the first section of which is as follows:

"That it shall be unlawful for any person or persons to directly or indirectly sell, barter or give away for any purpose of gain, any spiritous, vinous or malt liquors, in less quantities than a quart at a time, without first procuring, from the board of commissioners of the county in which such

liquor or liquors are to be sold, a license as hereinafter provided," etc.

The method of procuring such license is prescribed in sections 3 and 4 of the same act.

The words of negation in the indictment do not literally follow the statute, but " words used in the statute to define a public offence need not be strictly pursued, but other words, conveying the same meaning, may be used." Sec. 59, 2 G. & H. 403. See, also, secs. 54, 60, 61, 2 G. & H. 400–403. Besides, the averment in this case is one of negation, which the State need not to prove.

According to these sections, as they have been interpreted by our own decisions, and the analogy of similar statutes and decisions in other states, the indictment is sufficient. *Reed* v. *The State,* 8 Ind. 200; *Whitney* v. *The State,* 10 Ind. 404; *Reams* v. *The State,* 23 Ind. 111; *McCool* v. *The State,* 23 Ind. 127; *Shafer* v. *The State,* 26 Ind. 191; *Commonwealth* v. *Wilson,* 11 Cushing, 412; *Commonwealth* v. *Murphy,* 2 Gray, 510; *Commonwealth* v. *Pray,* 13 Pick. 359; *Commonwealth* v. *Leonard,* 8 Met. 529; *Commonwealth* v. *Dow,* 12 Gray, 133; *Commonwealth* v. *Boyle,* 14 Gray, 3; *Martin* v. *The State,* 6 Humph. 204.

The judgment is reversed; cause remanded, with instructions to overrule the motion to quash the indictment.