## EAGAN *v.* THE STATE.

CRIMINAL LAW.—*Duplicity.*—*Giving Away Intoxicating Liquor.*—Prosecution by affidavit and information alleging that the defendant, at, etc., on, etc., did "sell, barter and give away intoxicating liquor to," etc., a person in the habit of getting intoxicated, but not alleging what, if anything, was paid for the liquor, or what, if anything, was exchanged for it.

*Held*, on motion to quash the affidavit, that the words charging a sale and a barter should be regarded as surplusage, and there was no duplicity.

INTOXICATING LIQUOR.— *Whiskey.*—*Judicial Knowledge.*—Courts and juries take notice that whiskey is an intoxicating liquor, without proof of the fact; and it is not error for the court in a proper case to charge the jury that proof of a sale of whiskey is proof of a sale of intoxicating liquor.

From the Jennings Circuit Court.

*D. Overmyer*, for appellant.

*C. A. Buskirk*, Attorney General, and *J. O. Cravens*, Prosecuting Attorney, for the State.

BIDDLE, J.—Prosecution by affidavit and information against the appellant for giving intoxicating liquor to John Derringer, a person being in the habit of getting intoxicated. Motion to quash the affidavit overruled. Plea, not guilty. Jury trial. Verdict, guilty. Fine, ten dollars. Motion for

a new trial overruled. Judgment. The appellant reserved exceptions to each ruling, and appeals to this court.

The affidavit and information charge that the appellant at, etc., on, etc., did "sell, barter and give away intoxicating liquor to," etc. It is urged upon us that the affidavit is bad for duplicity, because it charges a selling, a bartering and a giving. It does not charge a selling, because it does not allege what, if anything, was paid for the liquor; nor a bartering, because it does not allege what, if anything, was exchanged for it. These words may be held as surplusage, and still leave the charge of giving well alleged. The affidavit is good. *Divine* v. *The State,* 4 Ind. 240; *Shafer* v. *The State,* 26 Ind. 191.

It is next urged that the court erred in instructing the jury as follows:

"Whiskey is intoxicating liquor, and when a sale of whiskey is proven, a sale of intoxicating liquor is shown."

There is no error in this instruction. Courts and juries must take notice that whiskey is an intoxicating liquor, without proof of the fact. It belongs to that class of facts which are judicially known. That whiskey will intoxicate, is as well known as that fire will burn, or water will drown, or any of those common and familiar phenomena which are uniform and universal. To be required to prove them at each judicial trial, would be a frivolous waste of time. Besides, the authorities have settled the question over and over again. In the case of *Commonwealth* v. *Peckham,* 2 Gray, 514, which was a prosecution for unlawfully selling gin, the court said:

"Now everybody, who knows what gin is, knows not only that it is a liquor, but also that it is intoxicating. And it might as well have been objected that the jury could not find that gin was a liquor, without evidence that it was not a solid substance, as that they could not find that it was intoxicating, without testimony to show it to be so. No juror can be supposed to be so ignorant as not to know what gin is. Proof, therefore, that the defendant sold gin is proof that

he sold intoxicating liquor. If what he sold was not intoxicating liquor, it was not gin."

The question is also settled by authority in this State, in the case of *Carmon* v. *The State*, 18 Ind. 450, wherein PERKINS, J., in delivering the opinion of the court, says:

"The State prosecuted and committed Carmon upon a charge of selling 'whiskey' to a minor. It is contended that an affidavit or information simply charging a sale of whiskey, without averring that whiskey is an intoxicating liquor, is bad. We do not think so. The court, from its general knowledge, can judicially say that whiskey is an intoxicating liquor; and the jury might so find upon their general knowledge. * * * If the defendant could prove, on the trial, that the article he sold was not intoxicating, he would disprove that it was whiskey."

The appellant finally insists that the evidence does not sustain the verdict. We think it does, fully and fairly, beyond all reasonable doubt. His own testimony is strong evidence against him.

The judgment is affirmed, with costs.