## THE STATE v. JACKS.

LIQUOR LAW.—*Indictment.*—*Retailing Without License.*—An indictment for retailing intoxicating liquor without license must aver some price for which it was sold, but need not aver the quantity thereof sold more specifically than that it was less than a quart.

From the Boone Circuit Court.

*H. C. Wills,* Prosecuting Attorney, and *C. A. Buskirk,* Attorney General, for the State.

*W. B. Walls,* for appellee.

PERKINS, J.—Indictment for retailing without license. Indictment quashed. The indictment charges that " Thomas Jacks, on the 14th day of November, 1875, at," etc., " did then and there, unlawfully, for the purpose of gain, sell intoxicating liquors in a less quantity than a quart at a time, to one James Cornell, he, the said Thomas Jacks, not being then and there licensed to sell intoxicating liquors in a less quantity than a quart at a time."

The objections to the indictment were, that it did not state the quantity nor the price of the liquor sold.

It was held, in *Divine* v. *The State,* 4 Ind. 240, and in *Hare* v. *The State,* 4 Ind. 241, that a failure to state the price constituted a fatal defect in an indictment like the present. These cases were followed in *Segur* v. *The State,* 6 Ind. 451, and in *Hubbard* v. *The State,* 11 Ind. 554.

In *Divine* v. *The State, supra,* STUART, J., said : " The objection we find to the indictment is, that there is no allegation of the price for which the liquor was sold. On motion to quash, this defect is fatal. Every fact essential to be proved, should be alleged. Here the pleader alleges a ' sale,' which is a conclusion from the facts, and leaves the important element of price, a fact essential to support the idea of sale, to be inferred."

In *The State* v. *Mondy,* 24 Ind. 268, a price, at which the liquor was sold, was stated, and it was held, that the kind and exact quantity of the liquor sold need not be stated.

In *Leary* v. *The State*, 39 Ind. 360, the price was stated. So it was in *The State* v. *Buckner*, 52 Ind. 278, and in *Burke* v. *The State*, 52 Ind. 522. We have been able to find no case in our reports where an indictment for retailing without license, in which a sale was charged, has been held good, where a price, at which the sale was alleged to have been made, was omitted.

We think, that to constitute a good indictment for selling liquor by retail, without license, it must aver a price at which the liquor was sold, but need not aver the quantity more particularly than to show that it was less than a quart.

The judgment is affirmed.