No. 9506.

MASSEY v. THE STATE.

LIQUOR LAW.—*"Barter and Sell."*—The averment in an indictment for the unlawful sale of liquor, that the defendant did "unlawfully barter and sell" certain intoxicating liquor, for the price of ten cents, imports a sale and not a barter.

SAME.—*Sale.*—A sale implies the transfer of property for money, though time may be given for payment.

SAME.—*Sale to Minor.—Insufficiency of Evidence.—Variance.*—On the trial of a defendant indicted for selling intoxicating liquor to a minor, evidence that the minor in payment therefor gave the defendant two pool-checks, worth five cents each, which had been sold by the defendant at five cents each, to be taken up in beer, does not show a sale, and constitutes a material variance.

From the Benton Circuit Court.

*M. H. Walker* and *L. D. Hawley*, for appellant.

*D. P. Baldwin*, Attorney General, and *D. L. Bishopp*, Prosecuting Attorney, for the State.

WORDEN, J.—The appellant was indicted in the court below for selling liquor to a minor, the indictment charging that the defendant did "unlawfully barter and sell to one William Wood a certain intoxicating, spirituous and malt liquor, in a less quantity than a quart at a time, to wit, one half-pint of spirituous and malt intoxicating liquor, at and for the price of ten cents," with an averment of the minority of Wood.

On trial the defendant was convicted, and a motion made

by him for a new trial was overruled. The evidence on the subject of the sale was as follows:

Levi Waldrup testified: "I was in the defendant's saloon the forepart of September, 1880. I saw William Wood drink two glasses of lager beer. It was less than a quart. Wood gave the defendant two pool-checks for the beer. The beer was sold by the defendant to Wood in Oxford, Benton county, Indiana, during the first part of September, 1880. * * I knew the liquor was intoxicating. * * * Wood got the liquor of the defendant. * * * I am positive it was lager beer."

John A. Cox testified: "In September last defendant kept saloon in Oxford. I was there when Waldrup, the marshal, was. I took some beer with Wood; it was intoxicating liquor; it was what we call lager beer. It would make a man drunk if he would drink enough of it. It was a less quantity than a quart. Wood turned over checks that we call pool-checks for the beer. The pool-checks were worth five cents a piece, and were sold by the defendant at five cents each, to be taken up in beer. The beer was worth five cents a glass. Wood called for the beer, and asked me to drink with him, and I did so."

The appellant claims that there was a fatal variance between the allegation and the proof, in this, that he was charged with selling spirituous and malt liquor, whereas the proof shows the sale of malt liquor only. We pass this question, as there is another variance between the proof and the allegation, also insisted upon by the appellant, which, we think, is fatal to the conviction.

The indictment must be construed as charging a sale of the liquor, as it is alleged to have been sold for the price of ten cents. This imports a sale, and not a barter, and the word "barter," in the indictment, may be regarded as surplusage. *Leary* v. *The State*, 39 Ind. 360. Regarding the indictment

as charging a sale of the liquor to Wood, it remains to inquire whether the evidence supports the allegation.

Wood paid no money for the liquor, nor did he buy it upon credit to be thereafter paid for in money. He exchanged the pool-checks for it. A sale implies the transfer of property for money, though time may be given for payment. *Stevenson* v. *The State*, 65 Ind. 409.

It was shown that the defendant sold the pool-checks at five cents a piece, and that they were worth five cents, and were to be taken up in beer. It does not appear, however, if that would make any difference in the case, that the defendant sold the checks to Wood, or how or from whom Wood got them.

The case is simply this: Wood had in his possession two pool-checks, which the defendant had sold to some one at five cents a piece, which were worth five cents a piece, and were to be taken up in beer. These pool-checks Wood exchanged for the beer. It seems to us to be clear that this was not a sale of the beer to Wood.

The judgment below is reversed, and the cause remanded for a new trial.