The State *v.* Allen.

Filed May 4, 1895.

———————◆———————

No. 1,606.

THE STATE *v.* ALLEN.

CRIMINAL LAW.—*Intoxicating Liquors, Selling to Minor.—Sufficiency of Indictment.*—An indictment charging that "Stephen Allen, late of said county, on or about the 15th day of June, 1894, at said county and State aforesaid, did then and there unlawfully sell intoxicating liquors to one Avery Barnes, he, the said Avery Barnes, being then and there a person under the age of twenty-one years and a minor," is sufficient on motion to quash.

SAME.—*Intoxicating Liquors.—Sale.—Price.*—In charging such offense, it is not necessary to state the price of the sale, for the charge of a sale necessarily includes a money consideration and a price.

SAME.—*Sale to Minor.—Statute Construed.*—It is the purpose of the statute to make all sales of intoxicating liquors to minors a criminal offense.

SAME.—*Indictment, Purpose of.*—The purpose of an indictment is (1) to inform the court of the facts alleged, so that it may decide whether or not they are sufficient, in law, to support a conviction; and (2) to furnish the accused with such a description of the charge against him as will enable him to make his defense and avail of his conviction or acquittal for protection against further prosecution for the same offense.

SAME.—*Indictment, Sufficiency of.—Minor Circumstances.*—Minor circumstances, merely descriptive of the main fact, need only be stated with that degree of particularity that carries knowledge of the offense and bars a future prosecution. If such circumstances are not the

The State v. Allen.

vital elements of the offense, it is unnecessary to descend into details and describe them minutely.

SAME.—*Indictment Following Language of Statute.*—It is the general rule that an indictment or information is sufficient if it charges the offense in the language of the statute or in terms substantially equivalent thereto.

From the Montgomery Circuit Court.

*W. A. Ketcham,* Attorney-General, and *D. Kennedy,* Prosecuting Attorney, for State.

*J. Wright* and *J. M. Seller,* for appellee.

LOTZ, J.—The appellee was indicted for selling liquor to a minor. The court sustained his motion to quash. This ruling is assigned as error in this court.

The indictment charges that "Stephen Allen, late of said county, on or about the 15th day of June, 1894, at said county and State aforesaid, did then and there unlawfully sell intoxicating liquors to one Avery Barnes, he, the said Avery Barnes, being then and there a person under the age of twenty-one years and a minor."

Section 2190, R. S. 1894 (section 2094, R. S. 1881), provides that whoever directly or indirectly sells, barters or gives away intoxicating liquors to any person under the age of twenty-one years shall be fined in any sum not more than $100 nor less than $20.

The indictment in this case follows substantially the language of the statute.

The general rule is that an indictment or information is sufficient to withstand a motion to quash if it charge the offense in the language of the statute or in terms substantially equivalent thereto. *Trout* v. *State,* 111 Ind. 499.

There are some exceptions to this rule, as where the language of the statute names or embraces some acts evidently not intended to be made criminal or where the

language is so general that the evident intention of the Legislature was that reference should be had to the common law for a complete definition of the offense declared. In such cases it is necessary to go beyond the language of the statute in charging the offense. *Schmidt* v. *State*, 78 Ind. 41; *Mains* v. *State*, 42 Ind. 327; *Skinner* v. *State*, 120 Ind. 127.

It is the evident purpose of the statute on which this indictment is based to make all sales of intoxicating liquors to any person under the age of twenty-one years a criminal offense. There are no exceptions to the class of sales indicated. Nor does it seem necessary to resort to the common law for a complete definition of the offense. There is, however, no price for which the sale was made named in the indictment. It was held in an early case that an indictment for selling spirituous liquors at retail without a license which omitted to state the price for which the liquor was sold was bad on motion to quash. *Divine* v. *State*, 4 Ind. 240.

In that case the court made use of this language: "Every fact essential to be proved, should be alleged. Here the pleader alleges a 'sale,' which is a conclusion from the facts, and leaves the important element of price, a fact essential to support the idea of a sale, to be inferred. Perhaps, had all the facts been stated, the court might have considered it a barter. It is inverting the order of pleading to allege conclusions, and leave the facts to inference."

This decision has been frequently followed by the Supreme Court. *Hare* v. *State*, 4 Ind. 241; *State* v. *Miles*, 4 Ind. 577; *Brutton* v. *State*, 4 Ind. 601; *Miles* v. *State*, 5 Ind. 215; *Segur* v. *State*, 6 Ind. 451; *State* v. *Downs*, 7 Ind. 237; *Hubbard* v. *State*, 11 Ind. 554; *Eagan* v. *State*, 53 Ind. 162; *State* v. *Jacks*, 54 Ind. 412.

At the time these decisions were made the ninth sub-

The State *v.* Allen.

division of section 1825, R. S. 1894 (section 1756, R. S. 1881), was not in force. It is there provided that no indictment or information shall be deemed invalid or quashed for omitting to state the value or price of any matter or thing in any case where the value or price is not of the essence of the offense. Our attention has not been called to any case decided by the Supreme Court since the taking effect of this provision in which it has been held necessary to state the price in order to make a good charge.

The appellee, however, cites and relies on the case of *Hatfield* v. *State*, 9 Ind. App. 296, in which this court, following the case above cited, made use of this language: "A sale or a barter can not be charged in general terms, for it would be but stating a conclusion. The facts constituting the sale or barter must be set forth."

As the indictment in that case did charge a sale in general terms and followed it up by averring the price, it unquestionably charged a sale. What the court said as above quoted was *obiter*. The purpose of an indictment or information is, first, to inform the court of the facts alleged so that it may decide whether or not they are sufficient in law to support a conviction, and, second, to furnish the accused with such a description of the charge against him as will enable him to make his defense and avail of his conviction or acquittal for protection against further prosecution for the same offense. The general rule of pleading in such cases is that the minor circumstances which are merely incidental to or descriptive of the main fact need only be stated with that degree of particularity that carries knowledge of the offense and bars a future prosecution. If these circumstances are not the vital elements of the offense, it is unnecessary for the pleader to descend into details and describe them minutely. *State* v. *Smith*, 7 Ind. App. 166.

A sale imputes the transfer of the title and possession of property for a money consideration, although time may be given for the payment. *Massey* v. *State*, 74 Ind. 368; *Stevenson* v. *State*, 65 Ind. 409.

Stating the price does not make the idea of a sale more complete and definite. When the defendant is charged with having made a sale he is bound to know that the transaction was upon a money consideration and for a price. If it should appear on the trial that the transaction was a barter or gift this would constitute a fatal variance. The time to determine the nature of the transaction is upon the evidence. It has been held in other States that an indictment which charges the offense in general terms or characterizes it as a sale without naming the price, is sufficient. *State* v. *King*, 37 Iowa, 462.

In *Commonwealth* v. *O'Leary*, 143 Mass. 95, the charging part of the indictment was as follows: "That the defendant, on June 1, 1884, * * did unlawfully sell intoxicating liquors to one Jane O'Connell, she being then and there a minor under the age of twenty-one years."

In speaking of the sufficiency of this charge the court said: "But it never has been held that the price at which the liquor was sold * * * must be alleged. There is clearly some limit to the necessity of the allegations for the purpose of identifying the offense. It has been said that the offense ought to be so far identified that the defendant may know what charge he is to meet and may be able afterwards to plead a former conviction or acquittal. * * * The act of the defendant is defined with sufficient certainty by charging him at a time and place named with selling unlawfully intoxicating liquor to one Jane O'Connell, who was then and there a minor."

In view of these authorities and of the statute enacted since our Supreme Court rendered the decisions com-

mencing with *Divine* v. *State, supra,* we are of the opinion that the indictment is sufficient on a motion to quash.

Judgment reversed, with instructions to overrule the motion to quash.

Filed May 14, 1895.