## CITY OF CANNELTON *v.* COLLINS.

[No. 21,270.    Filed April 21, 1909.]

1. INTOXICATING LIQUORS.— *Wholesale.— License.— Cities.*— The State has not enacted any law licensing wholesale liquor dealers, nor has it delegated the power to cities to license wholesalers. p. 195.

2. CONSTITUTIONAL LAW.—*Avoidance of Decision On.—City Ordinances.*—Where the validity of a city ordinance is involved, and

the appeal may be determined upon other grounds, the validity of the ordinance will not be determined. p. 195.

3. PLEADING.—*Complaint.—Unlawful Sales of Liquor.—Cities.— Ordinances.*—In a prosecution by a city against defendant for selling intoxicating liquor in violation of a city ordinance, it is necessary to allege the consideration for such sale. p. 195.

4. SALES.—*Essentials.*—The essentials of a sale are: (1) a mutual agreement, (2) competent parties, (3) a money consideration, and (4) a transfer of title. p. 195.

5. ACTION.—*Civil.—Cities.—Prosecution for Violation of Ordinance. —Intoxicating Liquors.*—A prosecution by a city against defendant for the violation of an ordinance requiring a license to sell liquors, is a civil action. p. 196.

From Perry Circuit Court; *Christopher W. Cook,* Judge.

Prosecution by the City of Cannelton against Timothy Collins. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*William M. Waldschmidt,* for appellant.
*Philip Zoercher,* for appellee.

MONTGOMERY, J.—The circuit court, upon appeal, sustained a demurrer, on the ground of insufficient facts, to appellant's complaint, which alleged that on November 16, 1907, within the corporate limits of the city of Cannelton, appellee, then and there having a warehouse wherein he had malt liquors stored in cases each of five gallons and over, owned by himself, did then and there sell and deliver from said warehouse to Charles Gerber, a retail liquor dealer, licensed as such, one case containing five gallons of beer, said appellee not then and there having a license to sell said beer in said city, contrary to and in violation of section four of an ordinance of said city, adopted by the common council thereof on September 24, 1907.

Appellant declined to amend, and judgment was entered accordingly in favor of appellee. The ruling upon demurrer is assigned as error.

Cities are authorized to enact ordinances "to license, tax and regulate distilleries and breweries, and the depots or

1. agencies established in any such city by any distillery or brewery." §8655 Burns 1908, cl. 41, Acts 1905, pp. 219, 246, §53. And see *Schmidt* v. *City of Indianapolis* (1907), 168 Ind. 631.

The complaint in this case manifestly does not purport to charge appellee with unlawfully maintaining or operating a depot or agency established by a brewery, but the offense sought to be preferred, in substance, is that appellee is a wholesale dealer in malt liquors, and made a specific sale of five gallons of beer to a retail dealer, in violation of an ordinance requiring a license as a condition precedent to the making of such sale. The ordinance to which allusion is made is not properly before us, and we cannot examine its provisions. This State has not extended its license laws over the wholesale liquor trade, but has left that source of revenue wholly to the federal government; nor has the State in express terms delegated to cities the power to exact license fees from this branch of the liquor business.

Appellant's counsel earnestly contends that the city, by virtue of its implied powers, may exact a license from wholesale dealers in liquor.

2. We are not warranted in passing upon the validity of the ordinance, since there is a formal defect in the complaint sufficient to justify the decision of the lower court. *Hewitt* v. *State* (1908), 171 Ind. 283.

If it were conceded that the city by ordinance might validly prohibit sales of beer in wholesale quantities, without license so to do from the city, the complaint in this

3. case is fatally defective, for the reason that the charge wholly omits to allege any price or consideration, which is one of the essential elements of a sale. "The essentials of a sale are: (1) a mutual agreement; (2)

4. competent parties; (3) a money consideration; (4) a transfer of the absolute or general property in the subject of the sale from the seller to the buyer." 24 Am.

and Eng. Ency. Law (2d ed.), 1022. This court has uniformly held an allegation of the price or consideration indispensable in charging a sale of liquor. *Divine* v. *State* (1853), 4 Ind. 240; *Hare* v. *State* (1853), 4 Ind. 241; *State* v. *Miles* (1853), 4 Ind. 577; *Brutton* v. *State* (1853), 4 Ind. 601; *Miles* v. *State* (1854), 5 Ind. 215; *Segur* v. *State* (1855), 6 Ind. 451; *State* v. *Downs* (1855), 7 Ind. 237; *Hubbard* v. *State* (1858), 11 Ind. 554; *Cool* v. *State* (1861), 16 Ind. 355; *Eagan* v. *State* (1876), 53 Ind. 162; *State* v. *Jacks* (1876), 54 Ind. 412.

This is a civil proceeding, and §2063 Burns 1908, Acts 1905, pp. 584, 625, §192, is not applicable; hence we need not and do not decide whether an allegation of the consideration is now necessary in an affidavit or indictment charging an illegal sale of liquor in violation of a criminal statute.

It follows that appellee's demurrer was rightly sustained. The judgment is affirmed.