AT INDIANAPOLIS, NOVEMBER TERM, 1924, AND MAY
TERM, 1925, IN THE ONE HUNDRED TENTH
YEAR OF THE STATE.

---

### DUNCAN *v.* STATE OF INDIANA.

[No. 24,602. Filed March 10, 1925.]

1. INTOXICATING LIQUORS.—*Affidavit charging two offenses prohibited in the same section is not duplicitous.*—An affidavit which charges conjunctively in a single count as one offense, the unlawful receiving of intoxicating liquor from a carrier and the unlawful possession of liquor received from a carrier, under §8356o Burns' Supp. 1921, Acts 1917 p. 15, §15, which prohibits both acts in the same section and punishes both alike, is not bad for duplicity. p. 2.

2. INTOXICATING LIQUORS.—*Evidence of possession only not sufficient to support charge of receiving from carrier.*—Evidence that defendant was found by the arresting officer in an alley near a hotel late at night with three pint bottles of whisky in his pockets is not sufficient to sustain a charge of receiving liquor from a carrier or of having possession of liquor received from a carrier, when there is no evidence that it had been transported by a carrier or had been in the possession of a carrier. p. 3.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

James Duncan was convicted of a violation of the prohibition law, and he appeals. *Reversed.*

*A. E. Needham,* for appellant.

*U. S. Lesh,* Attorney-General, and *O. S. Boling,* for the State.

EWBANK, J.—This is an appeal from a judgment sentencing appellant to imprisonment for three months and the payment of a fine of $250 for an alleged violation of the Prohibition Law. The verdict found him guilty "as charged in the second count of the affidavit," and appellant moved for a new trial for the alleged reason that the verdict is not sustained by sufficient evidence. Before the trial appellant had filed a motion to quash this count of the affidavit, and overruling that motion, and overruling the motion for a new trial are assigned as errors.

The second count of the affidavit, as set out in appellant's brief, charged that on, etc., at, etc., appellant "did then and there unlawfully receive from a common carrier and did then and there unlawfully possess intoxicating liquor received from a common carrier in this state, contrary," etc. The only objection to the sufficiency of this affidavit suggested by appellant is that it charged two offenses, and therefore was bad for duplicity. The statute declares that "it shall be unlawful for any person in this state to receive directly or indirectly intoxicating liquors from a common or other carrier or for any person in this state to possess intoxicating liquors, received directly or indirectly from a common or other carrier in the state," etc. §8356o Burns' Supp. 1921, §15, Acts 1917 p. 15.

And where a statute makes it a crime to do any one of several things mentioned disjunctively, all of which are punished alike, all of such acts may be
1. charged conjunctively in a single count, as one offense, without making the count bad for duplicity. *State* v. *Schipper* (1923), 193 Ind. 595, 141 N. E. 330, and authorities cited; *Lennard* v. *State*

(1921), 191 Ind. 371, 132 N. E. 677; *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403; 1 Bishop, New Criminal Procedure §436. The motion to quash was properly overruled.

All the evidence was given by three witnesses, two of whom testified only as to the identity of certain bottles of liquor brought to police headquarters by the arresting officer, who said that he took them from appellant's pockets. The third witness testified that he was a police officer, and that having seen appellant coming across a vacant lot toward the rear entrance of the Delaware Hotel, in Muncie, Indiana, about 11 o'clock on the night when the arrest was made, he met him in the alley at that entrance, found that appellant had three pint bottles of white mule whisky in as many different pockets, and placed him under arrest. That he took appellant and the bottles of whisky to the police station, and turned the bottles over to the desk sergeant, by whom they were produced at the trial, and they were introduced in evidence without objection. He further testified that appellant was the manager of a bowling alley under the Delaware Hotel, but that he did not know when, where or from whom appellant had obtained the liquor, whether from a carrier or anybody else, or whether he purchased it, or found it, or manufactured it, but only knew that appellant had it in his pockets that night in the alley back of the hotel. This evidence fell short of proving that appellant had committed the particular offense with which he was charged and of which he was convicted, of receiving intoxicating liquor from a carrier and having possession of such liquor received from a carrier. It wholly failed to prove that the liquor ever had been received by anybody from a carrier, or that it ever had been transported by or had been in the possession of a carrier from whom it might be received. For lack of such

evidence the motion for a new trial should have been sustained.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.