## FARR v. STATE OF INDIANA.

[No. 25,076.    Filed October 13, 1926.]

1. INTOXICATING LIQUORS.—*Disposing of intoxicating liquor in all manners prohibited by law may be charged in one count.*—Selling, bartering, exchanging, giving away, furnishing, or otherwise disposing of intoxicating liquor are all forbidden by the same statute, and they may all be charged in a single count of an indictment or affidavit without offending the rule against duplicity. p. 303.

2. INTOXICATING LIQUORS.—*Conviction of selling intoxicating liquor must be supported by evidence although selling is charged conjunctively with other violations of the same statute.*—Although selling, bartering, exchanging, giving away, furnishing and otherwise disposing of intoxicating liquor may be conjunctively charged in one count of an indictment or affidavit, and proof of any one of the several acts is sufficient to sustain a general finding of guilty, but where the court or jury trying the case finds the defendant guilty of selling, there must be evidence to support that particular charge. p. 303.

From Monroe Circuit Court; *Herbert A. Rundell,* Judge.

Jeff Farr was convicted of selling intoxicating liquor, and he appeals. *Reversed.*

*Miller & Blair,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Frank L. Greenwald,* Deputy Attorney-General, for the State.

MYERS, C. J.—In the Monroe Circuit Court, by an affidavit in three counts, appellant was charged with: (1) Unlawfully manufacturing intoxicating liquors; (2) unlawfully selling, bartering, exchanging, giving away, furnishing and disposing of intoxicating liquor to certain named persons. Acts 1923 p. 70, §1; and (3) feloniously possessing a still, etc. The following order-book entry exhibits the result of the trial, and is the basis for appellant's asserted error: "Comes again the State of Indiana by Glen B. Woodward, Prosecuting Attorney and comes again the defendant in person and by counsel and now the court, having heard the evidence and being duly advised in the premises, finds the defendant not guilty under counts one and three of the approved affidavit herein, and finds said defendant guilty under count two thereof, as charged therein namely of selling intoxicating liquor. It is now therefore ordered and adjudged that the said defendant for the offense by him so committed, do make his fine," etc.

The error assigned and relied on by appellant is the overruling of his motion for a new trial. The reasons urged in support of the motion are, that the finding is contrary to law and not supported by the evidence.

Appellant earnestly insists that the record affirmatively shows the specific offense of which he was found guilty, and that such finding was equivalent to a finding of not guilty of the other acts included in the affidavit. True, to "sell, barter, exchange,

1, 2.

give away, furnish or otherwise dispose of any intoxicating liquor, except as in this act provided," are acts forbidden by the statute and may be pleaded in a single count of an indictment or affidavit without offending the rule against duplicity. *Duncan* v. *State* (1925), 196 Ind. 1, 146 N. E. 815; *State* v. *Schipper* (1923), 193 Ind. 595, 141 N. E. 330; *Scheerer* v. *State* (1925), 197 Ind. 155, 149 N. E. 892. Moreover, proof of any one of the several acts, when conjunctively charged, is sufficient on appeal to sustain a conviction, unless the court or jury trying the case, as here, specifies the particular act or acts upon which it bases its finding of guilty, then there must be evidence to support such finding. In the instant case, the court found appellant guilty as charged in the second count of the affidavit, of unlawfully selling intoxicating liquor. It will hardly do to say that the court intended to find appellant guilty of any other offense than the one named, or that the finding was not a general one—guilty of unlawfully selling intoxicating liquor. To sell intoxicating liquor is an offense for which the statute has prescribed a punishment, and in order to sustain the charge, this court should be able to point to evidence of a sale. This the state has not done, nor have we been able so to do. The evidence being insufficient to show a sale (*Massey* v. *State* [1881], 74 Ind. 368; *State* v. *Allen* [1895], 12 Ind. App. 528, 532, 40 N. E. 705), the finding was contrary to law. *Chapman* v. *State* (1901), 157 Ind. 300, 303, 61 N. E. 670.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.