SHAFER *v.* THE STATE.

INDICTMENT.—DUPLICITY.—Duplicity in an indictment for a misdemeanor is a formal defect, not affecting the substantial rights of the defendant, and hence, under the statute, is not a defect for which the indictment can be quashed.

APPEAL from the *Jennings* Circuit Court.

FRAZER, J.—The indictment charged that the defendant "did sell and give away certain intoxicating liquor, at and for the sum of ten cents," to a minor. A motion to quash was overruled, and this is assigned for error.

It is claimed that the indictment was double, charging both a sale and a gift of the liquor in the same count.

In *Simmons* v. *The State*, 25 Ind. 331, we said that such an indictment would be obnoxious to either the charge of duplicity or uncertainty. There was in that case no occasion to pass upon the question, as we held that it was not before us. The dictum is not therefore an authority. In a strict sense, the giving charged is repugnant, for there can be no such thing as a giving for a price. But a more liberal construction of the language employed would take for granted that the pleader was aware of the truth of so plain a proposition, and therefore that the price was intended to have relation to the sale only, and that a giving was also intended to be charged. And as there is nothing in the indictment limiting the transaction to a single quantity of liquor, both charges might be true, and the indictment would be double. If a single quantity were referred to, then it would be impossible that it should be sold and also given away, and the indictment would be uncertain as to which form of the offense was meant to be charged.

Is duplicity in charging misdemeanors, then, a ground justifying a motion to quash a count? This has been doubted, especially under the code. *Hayworth* v. *The State*, 14 Ind. 590. We have looked into the authorities upon the

subject, and find it difficult to ascertain the rule at common law. In *Commonwealth* v. *Symond*, 2 Mass. 163, the judgment was arrested for this cause, but that decision is not at all supported by authority. Archbold, (Crim. Pl. 95—6,) asserts generally that duplicity renders a count bad, but cites no authority, and all the text writers concur in saying that the objection comes too late after verdict. It follows, therefore, that the objection was regarded as one of form, merely, and not of substance, as it was also in civil cases, where a special demurrer was required to reach it. This furnishes the solution of the question when arising under the code, whereby it is expressly declared that an indictment shall not be quashed for any "defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." 2 G. & H., § 61, p. 404. If there had been separate counts, there would be no question as to the sufficiency of the indictment; and it is apparent, therefore, that the defendant could not be prejudiced on the trial by embracing the charge in both forms in a single count, instead of using two counts.

The judgment is affirmed, with costs.

*J. Bundy*, for appellant.

*D. E. Williamson*, Attorney General, for the State.