State of Missouri v. Murphy et al.

STATE OF MISSOURI, Defendant in Error, *v.* JOHN MURPHY AND WILLIAM C. YORRELL, Plaintiffs in Error.

1. *Practice, civil — Selling liquor on Sunday — Indictment.* — Prior to the act of 1868, persons might be guilty of jointly keeping open tippling shops and selling liquors on Sunday, and might be jointly indicted for misdemeanor therefor.

2. *Criminal law — Indictments — Counts, what charges may be united in.* — Where a statute in one clause forbids several things or creates several offenses which are not repugnant in their nature or penalty, the clause is treated in pleadings as though it created but one offense, and they may all be united conjunctively in one count, and the count is sustained by proof of one of the offenses charged.

3. *Criminal law — Indictment — Signature of circuit attorney — Certificate by foreman of grand jury.* — The signature of the circuit attorney is not required to an indictment, and the want of a certificate thereto by the foreman of the grand jury can only be taken advantage of by motion to quash; and the motion to quash, to avail anything, must specify this defect.

### *Error to First District Court.*

*Lay & Belch*, for plaintiffs in error.

*H. B. Johnson*, for defendant in error, cited 1 Bish. Crim. Pr. 191, 195; 1 Bish. Crim. Law, 274, 803, 810; LeBeau v. The People, 6 Pars. Crim. Law, 387; State v. Francisco, 3 Zabr. 32; Barnes v. State, 20 Conn. 236; 1 Arch. Crim. Pr. & P. C. 315; State v. Gray, 10 Mo. 440.

BLISS, Judge, delivered the opinion of the court.

Defendants were indicted and found guilty of a misdemeanor, before the passage of the act of 1868 for trying such offenses upon information. The charge was that, on the first day of the week, the accused unlawfully kept open a certain tippling shop and grocery, and sold to divers persons, unknown to the grand jury, intoxicating and fermented liquors, to-wit: one glass and gill of beer, one glass and gill of whisky, and one glass and gill of brandy, each for the sum of ten cents, contrary, etc.

The objections to the indictment are: 1st, it is against two persons; 2d, it combines more than one offense in the same

count; and 3d, it is not signed by the circuit attorney or certified by the foreman of the grand jury.

1. As to the first objection, we have only to inquire whether more than one person may jointly keep open a grocery and sell liquors on Sunday. If it be possible, then the indictment is so far good. Persons can not be indicted as partners, but suppose two or more, either in their trade or otherwise, should do an act forbidden by law, all consenting, is not each one guilty? For instance, suppose they agree to keep open a tippling shop on the first day of the week, and actually keep it open and sell whisky on that day, does not each one violate the law? Why is not the misdemeanor as much the action of all as though they had jointly committed the crime of burglary or of murder? (State v. Gray, 10 Mo. 440.)

2. In regard to the second objection, the rule is that no more than one offense can be charged in one count, but there are exceptions. When a statute in one clause forbids several things, or creates several offenses in the alternative, which are not repugnant in their nature or penalty, the clause is treated in pleadings as though it created but one offense; and they may all be united conjunctively in one count, and the count is sustained by proof of one of the offenses charged. (State v. Woodward, 25 Verm. 616; 1 Bish. Crim. Proc., § 191; Bish. Crim. Law, §§ 274, 803, 810.) The offenses are often so connected as to constitute but one transaction, as to assault and beat; to keep open a tippling shop and sell liquors on Sunday. And even felonies, created by different statutes, may be so connected as to be chargeable in one count; as burglary and larceny, if the larceny is effected by means of the burglary.

3. The signature of the circuit attorney is not required (Thomas v. State, 6 Mo. 457); and the want of a certificate by the foreman of the grand jury can only be taken advantage of by motion to quash (State v. Burgess, 24 Mo. 381), or perhaps by demurrer. There was a motion to quash, but it did not specify this defect, and the statute expressly provides that unless a demurrer or such motion shall distinctly specify the grounds of objection to the indictment, it shall be disregarded, and that no

reason not specified shall be held to sustain it. (Wagn. Stat., ch. 211, p. 1090, § 24.)

This indictment was carelessly drawn and should not be followed as a precedent, but no other objections were raised to it.

The judgment is affirmed. The other judges concur.