---

### THE STATE *v.* WICKEY ET AL.

LIQUOR LAW.—*Indictment.*—*Duplicity.*—*Retailing Without License.*—*Surplusage.*—An indictment charged that the defendant "on," etc., "at," etc., "not being then and there licensed", etc., "unlawfully sold to", etc., "intoxicating liquor in a less quantity than a quart at a time, to wit, the quantity of two gills, at and for the price of ten cents, *to be then and there drank and suffered to be drank in the house*", etc., of the defendant.

*Held,* that the indictment was not bad for duplicity.

*Held,* also, that duplicity is not ground for quashing such indictment.

*Held,* also, that the charge of selling intoxicating liquor in a less quantity than a quart at a time, without a license, is complete in itself, without reference to the charge of selling "to be drank in the house", etc., which is incomplete and is mere surplusage when connected with the charge alleged.

From the Allen Criminal Circuit Court.

*S. M. Hench*, Prosecuting Attorney, for the State.

*W. G. Colerick*, *H. Colerick* and *T. W. Colerick*, for appellees.

PERKINS, J.—The indictment is as follows, omitting its title:

"The grand jurors for the county of Allen, and State of Indiana, upon their oath, charge and present, that, on

the seventh day of October, A. D. 1876, Samuel Wickey and Martin Wickey, at said county of Allen and State aforesaid, they not being then and there licensed, according to the law of the State of Indiana in force at the time, to sell intoxicating liquors, unlawfully sold to George Smenner intoxicating liquors in a less quantity than a quart at a time, to wit, the quantity of two gills, at and for the price of ten cents, to be then and there drank and suffered to be drank in the house, out-house, garden and yard of the said Samuel Wickey and Martin Wickey, situate in said county, and in the appurtenances then and there and thereto belonging, contrary," etc.

Motion to quash sustained, on the ground of duplicity and uncertainty.

Duplicity is not ground for quashing an indictment for a misdemeanor. *Shafer* v. *The State*, 26 Ind. 191. The court, in the case cited, say, "If there had been separate counts, there would be no question as to the sufficiency of the indictment; and it is apparent, therefore, that the defendant could not be prejudiced on the trial by embracing the charge in both forms in a single count, instead of using two counts." If the indictment had contained two counts, each charging an offence, and the offence was insufficiently charged in one of them, that one might have been quashed on the motion. It would seem to follow, from the ruling in *Shafer* v. *The State, supra,* that if two offences were charged in one count, instead of severally in two, and one of them was defectively charged, the part of the indictment containing the defectively charged offence might be quashed on motion. The second offence charged, if two are charged, in the indictment in this case, viz., that of selling to be drank on the premises, is defectively charged in this, that it does not state the particular out-house or garden in which the liquor was to be drank. *Burke* v. *The State*, 52 Ind. 522.

But the indictment in this case is not double. It charges but one offence, and, in addition, contains a quantity of

surplusage.    Section twelve of the liquor law of 1875 reads thus:

"Any person not being licensed according to the provisions of this act, who shall sell or barter, directly or indirectly, any spirituous, vinous or malt liquors in a less quantity than a quart at a time, or who shall sell or barter any spirituous, vinous or malt liquors to be drank or suffered to be drank in his house, out-house, yard, garden, or the appurtenances thereto belonging, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined," etc.    1 R. S. 1876, p. 872, sec. 12.

Now, under this section, what are the rights and liabilities of the people, touching the traffic in the liquors specified in this section?

First.    No person in the state has a right to sell to any person a less quantity than a quart at a time of either of them, for any purpose, no matter where to be used, without a license.

Second.    Any person having a license under this state law may sell any quantity at a time without regard to the place where the party purchasing intends to drink it.

Third.    Any person, without a license, may sell any quantity, from a quart upwards, to be taken away from his premises, but not to be drank upon them.    Sales for this latter purpose can only be made by one having a license.

In sales of quantities less than a quart, the offence consists in the selling, the place of intended drinking being immaterial.

In sales of quantities of a quart and upwards, the offence is not in the selling, simply, but in the selling to be drank on the premises, as designated in the statute.    If not sold to be so drank, the sale is legal.

Hence, in an indictment against a person for selling a less quantity than a quart, the charge of the offence is complete when the sale is charged: and whether it was sold to be drank on the premises or otherwise, or to be

taken straight or diluted, is immaterial, and, if stated in the indictment, is mere surplusage and may be disregarded.

But in an indictment for selling where the quantity exceeds a quart, as a sale of that quantity is legal without a license, unless sold "to be drank on the premises," etc., such fact must be alleged or the indictment will not charge an offence.

Judgment is reversed.