THE STATE, *Appellant*, v. GREEN.

1. **Criminal Law**: COUNTY COLLECTOR: COLLECTING ILLEGAL TAXES: STATUTE. Prosecutions against a county collector for collecting illegal taxes must be founded on Revised Statutes, section 1487, which makes it a misdemeanor for a collector to unlawfully collect taxes when none are due, or to unlawfully and wilfully exact and demand more than are so due.

2. ———: ———: STATUTE. Such prosecutions cannot be instituted under Revised Statutes, section 1335, for obtaining money under false pretenses, nor under Revised Statutes, section 1561, for obtaining money by use of a cheat, deception, false statement, etc.

3. **Statutes, Construction of**: SPECIAL LAW. A special statute, applicable to a particular subject, if inconsistent with a general law in relation thereto, will prevail over the latter.

4. ———: ———. It is a well settled rule in the construction of statutes that a later statute which is general and affirmative does not abrogate a former one which is particular and special, unless

negative words are used in the former or the two acts are irreconcilably repugnant.

*Appeal from Lafayette Criminal Court.*—HON. JOHN E. RYLAND, Judge.

AFFIRMED.

*B. G. Boone*, Attorney General, for the state.

(1) The first count in the indictment contains the necessary allegation to render it sufficient under Revised Statutes, section 1335. *State v. Davis*, 70 Mo. 467; *State v. Anderson*, 81 Mo. 78; *State v. Madden*, 81 Mo. 421. (2) The gravamen of the offence consists in obtaining money or property by false pretenses. It is immaterial whether the party defrauded was the owner of the property on which he paid taxes. The indictment alleges that he was the owner of the money parted with through the false pretense of defendant and that is sufficient. It is not necessary that all the details of the fraud should be stated. 2 Crim. Law Mag. 569. (3) The form of the indictment for false pretenses under said section 1561, as presented by the second count, has been repeatedly approved by this court. *State v. Fancher*, 71 Mo. 460; *State v. Connelly*, 73 Mo. 235; *State v. Porter*, 75 Mo. 171; *State v. Norton*, 76 Mo. 180; *State v. Williams*, 77 Mo. 310; *State v. Dennis*, 80 Mo. 589.

*Peak & Yeager* for respondent.

(1) Every statute should be construed with reference to the state of the law when it went into effect. Sedgwick on Statutes, 124, 125. (2) All laws should be construed in favor of the liberty and security of the citizen. Potter's Dwarris, 49, 247, 245, and note; Wharton's Crim. Law, sec. 12. (3) Penal statutes should

be strictly construed and statutes creating crimes should not be extended by judicial construction to offences not plainly and unmistakably within their terms. Sedgwick on Statutes, 324, 325, 326 ; *United States v. Morris*, 14 Pet. 694 ; *United States v. Whitterberger*, 5 Wheat. 76 ; *United States v. Clayton*, 2 Dillon, 219 ; *United States v. Reese*, 8 Cent. Law Jour. 453 ; *United States v. Whittier*, 7 Cent. Law Jour. 51. (4) Upon all statutes such a construction should be placed as that one clause or section shall not frustrate or destroy another. Potter's Dwarris, 271, 188, 189 ; *Pac. Ry. Co. v. Cass Co.*, 53 Mo. 1. (5) When the law descends to particulars, such mere special provisions must be understood as exceptions to any general provisions or general statutes enacted to the contrary. The special provisions must govern, rather than the general ; and special provisions are not repealed by a subsequent general statute, unless specially provided for. Potter's Dwarris, 272, 273 ; Bishop's Crim. Law., sec. 78; Bishop on Stat. Crimes, 126 ; *Pelt v. Pelt*, 19 Wis. 193 ; *Ottawa v. Lasalle*, 12 Ill. 339 ; *Rounds v. Waymart*, 81 Pa. St. 397 ; *Long v. Gulp*, 14 Kas. 412 ; *State v. Sturgess*, 10 Or. 58 ; *McVey v. McVey*, 51 Mo. 406 ; *State v. Binder*, 38 Mo. 453 ; *State v. Clark*, 54 Mo. 17 ; *State v. McDonald*, 38 Mo. 529 ; *State v. De Bar*, 58 Mo. 395.

NORTON, J.—This case is before us on the appeal of the state from the judgment of the criminal court of Lafayette county in sustaining a demurrer to the indictment preferred against defendant. The indictment contains two counts, in the first of which the defendant, as collector of Jackson county, is charged with obtaining money by false pretenses ; and in the second of which, defendant, as collector, is charged with obtaining money "by means and by use of a cheat, a deception, a false and fraudulent statement, and a false instrument and paper writing." The first count is based on section

1335, Revised Statutes, and the second is based on section 1561, Revised Statutes. In both counts defendant is charged "with then and there being the duly elected and qualified collector within and for Jackson county, and being then and there in the execution of the functions of collector of the revenue as aforesaid by collecting and receiving the taxes levied and due upon the taxable personal and real property being situated in said county, for the various purposes for which the same was liable for the year 1881, and did then and there feloniously and designedly obtain from W. C. Duvall two hundred and fifty-seven dollars and sixty-three cents." The false pretense set out in the first count was a tax receipt. The "cheat, deception, fraudulent statement, false instrument and paper writing," charged in the second count as the means used to obtain the money, are not specifically set out.

It is clear, we think, from the indictment that the defendant is proceeded against in both counts for having, as collector of the revenue, collected from Duvall as taxes the sum of two hundred and fifty-seven dollars and sixty-three cents in excess of what was due and payable, and the only question which the demurrer presents is whether such an offence is to be prosecuted as a felony under section 1335, Revised Statutes, making it a felony to obtain money or property under false pretenses, or under section 1651, Revised Statutes, making it a felony to obtain money or property by any trick or deception commonly called "the confidence game," or whether such an offence is to be prosecuted as a misdemeanor under section 1487, Revised Statutes, which provides that every collector of the revenue who shall unlawfully collect taxes when none are due and shall wilfully or unlawfully exact or demand more than is due shall on conviction be adjudged guilty of a misdemeanor.

Section 1335, Revised Statutes, which makes it a

felony for obtaining money or property by false pre-
tenses has been on the statutes of the state in substan-
tially the same form since 1825. In 1843 the legislature
first passed the act making it a misdemeanor to collect,
exact or demand illegal taxes. This act has remained
the law ever since, and appears in the Revised Statutes
of 1879 as section 1487. Inasmuch as section 1487
specially applies to the offence of collecting taxes when
none are due, or exacting or demanding more than is
due, making it a misdemeanor, is inconsistent with the
general law, section 1335, Revised Statutes, which
makes the offence of obtaining money by false pretenses
a felony, section 1487 must govern in this case, it hav-
ing been held as a proper canon of construction in the
case of *State v. DeBar*, 58 Mo. 395, that if a special pro-
vision applicable to a particular object be inconsistent
with a general law the former will prevail.

Neither can the offence charged against defendant
be prosecuted under section 1561, which was first en-
acted by the legislature in 1879, for the reason that it is
a well settled rule of construction that a later statute
which is general and affirmative does not abrogate a
former one which is particular, unless negative words
are used or the two acts are irreconcilably repugnant.
A statute can only be repealed, either by express provis-
ion or by necessary implication, and to justify a repeal
by implication there should be such a repugnancy in the
new law as to lead to the conclusion that the later law
abrogated or was intended to abrogate the former.
*Railroad Co. v. Cass Co.*, 53 Mo. 17; *McVey v. McVey*,
51 Mo. 406. That it was not the intention by section
1561 to abrogate section 1487 we think clear, but on the
contrary it was intended by it to supply a lack in the
law for the punishment of obtaining money or property
by what was known and called "confidence games."
This, we think, is made manifest by the fourth section of
the act of 1879 which declares that: "An emergency

having arisen by reason that offences of this kind are of daily occurrence within the borders of this state, and there being no provision of law covering the offences as stated in the above act by which the perpetrators can be brought to justice, it is hereby declared that this act shall take effect and be in force from and after its passage." Acts 1879, p. 89.

We are of the opinion for the reasons given that the demurrer was properly sustained, and the judgment is hereby affirmed, in which all concur, except Judge Henry, who dissents.