STATE OF MISSOURI, Appellant, v. JOSEPH M. GREEN, Respondent.

Kansas City Court of Appeals, January 10, 1887.

1. CRIMINAL LAW—CONSTRUCTION OF SECTIONS 1484 AND 1487, REVISED STATUTES—DIFFERENT PENALTIES.—The penalty prescribed by the statutes (Rev. Stat. Mo.), under section 1484, is different from that under 1487, that under the former being more severe. So it is of importance to the defendant under which he should be convicted.

2. ——— CONSTRUCTION OF STATUTES AS TO SPECIAL PROVISIONS. CASE ADJUDGED.—When the legislature resort, in an enactment, to much more *special* provisions respecting a given matter or offence, it must be taken as an *exception* to the more *general* provision, especially in the interpretation of criminal laws. The *special* provision in section 1489, is, therefore, exclusive of the more *general* provision of section 1484, Revised Statutes. *State v. Green,* 87 Mo. 583.

3.  ——— INDICTMENT—DISTINCT OFFENCES JOINED IN ONE COUNT.
An indictment should not unite in one and the same count several
distinct and independent offences.

APPEAL from Lafayette Circuit Court, HON. JAMES
W. DUNLAP, Special Judge.

*Affirmed.*

The case is stated in the opinion.

PEAK, YEAGER & BALL, for the respondent.

I.   The contention by the state is that the collection
of illegal taxes is within section 1484, Revised Statutes.
By respondent the claim is that such offence is a *misde-meanor*, under section 1487, Revised Statutes.

II.   Every statute should be construed with refer-
ence to the state of the law when it came into effect.
Sedgw. on Stat., 124.   All laws should be construed in
favor of the liberty and security of the citizen.   Potter's
Dwarris, 49, 245, 247 and note ; Wharton's Crim. Law,
sect. 12.

III.   Penal   statutes should be strictly construed,
and statutes creating crimes should not be extended by
judicial construction to offences not plainly and unmis-
takably within their terms.   Sedgw. Stat., 324, 326 ;
*U. S. v. Morris*, 14 Peters (U. S.) 464 ;   *U. S. v. Clayton*,
2 Dillon, 219 ;   *U. S. v. Reese*, 8 C. L. J., 453.   Upon
all statutes such a construction should be placed   as that
one clause or section   shall   not frustrate   or destroy
another.   Potter's Dwarris, 271, 188, 189 ;   *Railroad
v. Cass Co.*, 53 Mo. 1.

IV.   When the law descends to particulars such
more *special* provisions must be understood as *exceptions*
to any *general* provisions or general statutes enacted to
the   contrary.   The   *special*   provisions   must   govern
rather than the   *general.*   Potter's Dwarris, 272, 273 ;
Bish. Crim. Law, sect. 78 ; Bish. Stat. Crimes, sect. 126 ;
*Pelt v. Pelt*, 19 Wis. 193 ; *Ottawa v. La Salle*, 12 Ill.

339; *Rounds v. Waymart*, 81 Pa. St. 397; *Long v. Gulp*, 14 Kansas, 412; *State v. Sturgess*, 10 Oregon, 58; *McVey v. McVey*, 51 Mo. 406; *State v. Binder*, 38 Mo. 453; *State v. Clark*, 54 Mo. 17; *State v. McDonald*, 38 Mo. 529; *State v. Debor*, 58 Mo. 395; *State v. Green*, 87 Mo. 583.

V. The indictment charges a large number of independent and distinct offences in a single count, committed at different times and against a different person.

PHILIPS, P. J.—The defendant was indicted in the Jackson county criminal court, from which, on application of the defendant, the case was removed by change of venue to the Lafayette county criminal court.

The indictment charged that the defendant, "on the twenty-third day of December, 1881, at the county of Jackson, state of Missouri, being then and there the duly elected and qualified collector of the revenues within and for said county and state, being then and there in the exercise of the functions of his office as collector aforesaid, by collecting and receiving taxes due upon the taxable personal and real property being and situate in Jackson county, Missouri, for the various purposes for which the same was liable to taxation for the year 1881, did then and there, knowingly, corruptly, wilfully, unlawfully and systematically, commit great fraud in his official capacity and under color of his office, in this : that he did then and there, knowingly, corruptly, wilfully, unlawfully and systematically, exact, demand and receive of and from divers tax-paying citizens of said county and state, various sums of money as taxes for year 1881, over and above the true amount of taxes due from said tax-paying citizens for the year 1881, to-wit : From H. Nevins, the sum of $10.00; S. M. Bauman, the sum of $2.50; from T. O. Defree, the sum of $2.00; from James M. Tyson, the sum of $2.50; from Samuel Machette, the sum of $5.01; from Ida Inger, the sum of $2.50," and various sums from six

other parties named in the indictment; "in all the sum of $44.51. And so the grand jurors aforesaid do say, and present that the said Jos. M. Green, being the officer of said county and state as aforesaid, in the manner and at the time and place aforesaid, the said sum of $44.51, in his official capacity and under color of his office, did unlawfully receive, steal, take and carry away, and in so doing did then and there systematically, knowingly, corruptly, wilfully and unlawfully commit great fraud in his official capacity and under color of his office, against the peace and dignity of the state."

To this indictment the defendant demurred, assigning the following objections :

"1.   That the acts set out and described in said indictment are not such acts as constitute official fraud under the laws of this state.

" 2.   That the acts set out and described in said indictment do not constitute an offence under section number 1484, of the Revised Statutes of this state, under which said indictment is drawn.

" 3.   That the acts set out and described in said indictment do not constitute any single offence known to the laws of this state ; but if they constitute any offence whatever, they constitute a large number of separate and independent and distinct offences, and are all embraced in the same indictment and in a single count. Wherefore he prays judgment, and that by the court he may be dismissed and discharged from the premises in said indictment specified."

The court sustained the demurrer ; from this judgment the state has appealed.

It is quite obvious from the phraseology of the indictment that it was drawn under and in reference to the provisions of section 1484, of the Revised Statutes, which is as follows :

" Every officer, or public agent, of this state, or of any county, who shall commit any fraud in his official

capacity, or under the color of his office, shall be adjudged guilty of a misdemeanor."

It may, for the purposes of this appeal, be conceded that the indictment, in form, charges sufficiently an offence under said section.

But it is contended by respondent, and so the trial court held, in sustaining the demurrer, doubtless, that the offence in question is fully and specifically provided for in section 1487, same statute, which is as follows:

"Every collector of revenue who shall unlawfully collect taxes when none are due, or shall wilfully and unlawfully exact or demand more than is due, shall, upon conviction, be adjudged guilty of a misdemeanor."

The penalty prescribed under these sections of the statute is quite different, that under the former being more severe. So it is of importance to the defendant under which he should be convicted. We are of opinion that the trial court was correct in its holding. A provision like that contained in section 1484, has been upon the statute books of this state since 1835. In 1843 the legislature enacted for the first time the substance of section 1484, of the present statute, which has been continued in every subsequent revision.

It is among the recognized canons for the construction of statutes that, when the legislature resort in an enactment to much more special provisions respecting a given matter or offence, it must be taken and understood as an exception to the more general provision or general statute, especially so in the interpretation of criminal laws. This rests upon the doctrine that, "where the harmony of the law requires, one statute will be construed as cutting short, that is, curtailing the effect of another." So that " a thing given in particular shall not be taken away by general words." Bishop on Stat. Crimes, 126; Sedg. Const. of Stat., 360; *State v. De Bar*, 58 Mo. 395.

The legislatures by said section 1487, having made special provision for the punishment of the specific

offence charged in this indictment, it is exclusive of the more general provision contained in section 1484. This, we think, is conclusively settled by the recent decision of the Supreme Court in the case of *State v. Green*, 87 Mo. 583.

II.   The indictment is also obnoxious to the objection of uniting in one and the same count several distinct and independent offences.

The other judges concurring, the judgment of the criminal court is affirmed.