THE STATE OF MISSOURI, Appellant, v. DANIEL HEALY, Respondent.

St. Louis Court of Appeals, May 17, 1892.

1. Criminal Law: SEVERAL PUBLICATIONS OF SAME LIBEL: INDICTMENT. Where there are two distinct publications of the same criminal libel, each publication constitutes an offense of itself; accordingly an indictment, which charges both publications in one count, is objectionable for duplicity, and should be quashed on motion therefor.

2. ———: CHANGE OF VENUE: INSUFFICIENT INDICTMENT: DISCHARGE OF DEFENDANT. When the indictment is insufficient, and is quashed in a criminal case after the removal of the cause by change of venue from the county in which the indictment was found, the defendant must be discharged.

The State v. Healy.

*Per Rombauer, P. J., dissenting:*

3. ———: SEVERAL PUBLICATIONS OF SAME LIBEL: INDICTMENT. Where
   there are two distinct publications of the same criminal libel, the
   charge of both in one count will not render the indictment bad for
   duplicity. In determining whether such indictment is objectionable
   as charging two distinct offenses in one count, the proper test is not
   whether the defendant may be proceeded against for the different acts
   as different offenses, but whether the offenses in their character or
   mode of punishment are so essentially different that he must be pro-
   ceeded against separately.

*Appeal from the Greene Circuit Court.*—Hon. M. Oliver,
Judge.

Affirmed *(and defendant discharged).*

*Joseph French,* Prosecuting Attorney, for appel-
lant.

*T. J. Delaney,* for respondent.

Biggs, J.—The defendant was indicted for crimi-
nal libel in the circuit court of Lawrence county. The
indictment contained one count, but charged two sepa-
rate and distinct publications of the libelous matter,
one by its delivery to one Thomas Carlin, which was
read by him and others, and also another by its publi-
cation in a newspaper printed, published and circu-
lated in Lawrence county, where the prosecutor lived.
There was a change of venue to the criminal court of
Greene county, where the indictment was quashed.
The state saved its exceptions to this action of the
court, tendered a bill of exceptions, and has brought
the case here for review.

The main objection made to the indictment in the
court below, and it is the only one which is argued in
this court, was that two separate and distinct offenses
were charged in one count. It is a well-recognized rule
of criminal pleading that no more than one offense can
be charged in one count. *State v. Murphy,* 47 Mo.

274. To this general rule there are exceptions, and the only question is, does this case fall within any of the exceptions; because it is undeniably the law that every publication of a libel is a fresh offense, for each of which the offender may be separately indicted and convicted. Odgers' Slander & Libel, 327; *Rex v. Carlisle*, 1 Chitty Rep. 451.

If an offense admits of being perpetrated in one or more ways, a count in an indictment which charges its commission in both ways is not bad for duplicity. For instance, if, in a case of libel, it was charged that the defendant published and caused to be published the libelous matter, this would not be the statement of two offenses. 1 Bishop on Criminal Practice, sec. 435. It is very clear that the present case does not fall within this rule.

There is another class of indictments founded on statutes wherein the same section creates several offenses in the alternative. These different offenses may be united conjunctively in one count, and the indictment is sustained by proof of either one of the offenses charged. *State v. Klein*, 78 Mo. 627; *State v. McAdoo*, 80 Mo. 216; *State v. Pittman*, 76 Mo. 56; *State v. Murphy, supra; State v. McGrath*, 73 Mo. 182. The reasoning adopted in some of the foregoing cases would seem to establish an exception to the general rule that a single count must contain but one offense. But we think that the doctrine of the cases is better stated by Judge BLISS in *State v. Murphy, supra.* It was there said: "When a statute in one clause forbids several things or creates several offenses in the alternative, which are not repugnant in their nature or penalty, the clause is treated in pleadings as though it created but one offense; and they may be all united conjunctively in one count, and the count is sustained by proof of one of the offenses charged."

Thus section 4588, Revised Statutes, 1889, makes it a misdemeanor for any dramshop or wine and beer-house keeper *to sell, give away or otherwise dispose of* intoxicating liquors to a minor. Strictly speaking, the statute creates three offenses, yet an indictment so framed as to cover all of them may be treated as stating but one offense.

We do not think it possible to apply this rule to the case before us. The two publications alleged in the indictment cannot be treated as one offense. Each publication constituted an offense of itself, and each subjected the defendant to a separate prosecution and conviction. This case seems to us to fall within the general rule, and the indictment was objectionable for stating in one count two distinct and independent offenses. *State v. Green*, 24 Mo. App. 227.

For the reasons stated the judgment of the criminal court must be affirmed, and, as the offense was committed in Lawrence county, the defendant must be discharged. The jurisdiction of the criminal court of Greene county depended solely upon the sufficiency of the indictment. If the defendant is to be further prosecuted, it must be by a new information or indictment preferred by the proper authorities of Lawrence county. The time during which the present proceeding has been pending will not be computed as a part of the limitation prescribed for such offenses. R. S. 1889, sec. 4002.

The judgment will be affirmed, and the defendant discharged. Judge THOMPSON concurs in this opinion; Judge ROMBAUER dissents.

ROMBAUER, P. J. (*dissenting*).—The indictment in this case, after setting out the precise terms of the libel complained of, concludes as follows:

"Which said libel the said Daniel Healy did then and there wilfully and maliciously publish. by causing and procuring the same to be delivered to one Thomas Carlin and read by him, the said Thomas Carlin, and divers other good and worthy citizens, and wilfully and maliciously causing same to be printed and published in the Pierce City *Daily Empire,* a newspaper printed, published and circulated in Lawrence county, Missouri, to the great scandal and disgrace of the Andrew M. J. Hynes, contrary to the form of the statute in such, and against the peace and dignity of the state."

Our statute, after defining the crime of libel as the same was at common law, proceeds:

"No printing, writing or other thing is a libel unless there has been a publication thereof, by delivering, selling, reading or otherwise communicating the same or causing the same to be delivered, sold, read or otherwise communicated to one or more persons or to the party libeled, or by exposing or exhibiting such libelous thing or matter in some public place, or where it may be seen or observed by the public."

My associates conclude that, because publication is essential to a libel both at common law and under the statute, therefore each publication is *necessarily* an independent offense, and the state, by averring two or more publications of the identical libel in one and the same count, makes the count subject to objection for duplicity, and the indictment liable to be quashed on motion.

I have examined the decisions on this subject in this country, as far as the same are digested, from the earliest date to the present day, and cannot find one case in support of the above view. The few decisions bearing on this question in prosecutions for criminal libel are directly the reverse. While I concede that the criminal law is technical in many respects, I cannot

consent to extend that technicality beyond the bounds of reason and precedent, and thereby still further complicate its already complicated administration.

While publication is essential to constitute the offense, it has never been held that it is essential to a good indictment to charge the *manner* of publication. All former precedents and reported cases are to the contrary. 2 Chitty's Pleadings, 543; 2 Chitty's Precedents, 544; 2 Archbold on Criminal Practice, 1038; 2 Wharton on Precedents for Indictments, 939; Kelley's Criminal Law, 707; *State v. Boogher*, 3 Mo. App. 442. That the libel was published is the charge of a fact, and not a conclusion of law, and how it was published is merely evidential matter, and not even matter of essential description. Thus in *State v. Barnes*, 32 Me. 532, the indictment alleged the sending of the libel to many persons describing them, and the defendant contended that, although it was unnecessary to aver the sending of the libel to more than one person, yet, the state having alleged its sending to many, the whole allegation must be proved. But SHEPLEY, C. J., in overruling this objection, said: "The allegation of sending it to more than one person is not descriptive of the offense. It was only an averment of the mode in which the offense was in part effected." In *State v. Dowd*, 39 Kan. 412, where an indictment was sought to be quashed because it did not state the manner of the publication, the court through JOHNSON, J., in overruling the objection, says: "The essential ingredients of the offense are that at a certain time and place the defendant wilfully made and published of and concerning another a libel, setting out a copy of the same. While we think it is the better practice to state the mode of publication, we do not regard it indispensable to the validity of the information." See, also, *Rallray v. State*, 61 Mo. 377.

It is settled that proof of an overt act is as essential to constitute the crime of high treason as publication is essential to commit the crime of libel; yet it has been held that a count for high treason charging several overt acts is good. Archbold on Pleadings & Evidence [13 Lond. Ed.] 54; Wharton on Criminal Pleading & Practice, 250; 1 Bishop on Criminal Procedure [3 Ed.] sec. 437. If good in a case involving life, it certainly should be good in a case involving a fine merely. The cases are innumerable which hold that the proper test is not whether the defendant may be proceeded against for the different acts as different offenses, but whether the offenses in their character or mode of punishment are so essentially different that he must be proceeded against separately. That distinction has been emphasized as early as *Storrs v. State*, 3 Mo. 9, and has been the law of this state ever since. *State v. McGrath*, 73 Mo. 181, 186; *State v. Huntley*, 77 Mo. 338. It is the law in this state, at least, that in actions of slander different sets of words spoken on different occasions may be set forth in the same count. *Pennington v. Meeks*, 46 Mo. 217; *Birch v. Benton*, 26 Mo. 157; *Lewis v. McDaniel*, 82 Mo. 577, 586. In fact it has been doubted whether duplicity can ever be urged as an objection to an indictment for misdemeanor. 1 Chitty on Criminal Law, 54; *Byrne v. State*, 12 Wis. 526; *Shafer v. State*, 26 Ind. 191; *State v. Wickey*, 54 Ind. 438; *State v. Commons*, 78 Ind. 251.

A reference is made in the opinion to a statement in Odgers on Slander & Libel, 327, to the effect that each publication is a separate offense for which the offender *may* be separately indicted, but that is far from holding that he *must* be separately indicted. The case cited by Odgers in support is *Rex v. Carlisle*, 1 Chitty, 451, arising under the peculiar English practice, which requires a *prima facie* case to be made out by

affidavits, and where an indictment for libel is only ordered after a preliminary hearing on a rule *nisi*. The defendant had been proceeded against for criminal libel by the society for the suppression of vice. Continuing to publish his libel the attorney general proceeded against him, and upon a rule to show cause he filed affidavits showing that he was now under prosecution *for the same description of offenses*. The court held that the affidavits showed no cause against a new prosecution. The propriety of this holding is evident, because, were it otherwise, one proceeded against for a criminal libel having been once punished for its publication might republish it indefinitely, with impunity. It is not apparent, however, how that case is designed to throw any light on the present inquiry.