## BURKE *v*. THE STATE.

LIQUOR LAW.—*Indictment.*—An indictment under section 12 of the liquor law of 1875 (Acts 1875, Spec. Sess. 55) charged that the defendant "did then and there unlawfully sell to" a person named "one gill of intoxicating liquor, for" a sum of money stated, "to be drank upon the prem-

ises," the defendant "not then and there having a license to sell intoxicating liquors to be drank upon the premises," without alleging that the defendant had not a license to sell intoxicating liquors in a less quantity than a quart at a time, and without other or more particular designation of the place of drinking in the affirmative allegation and the negative averment as to the want of license.

*Held*, that the indictment was bad on motion to quash.

From the Henry Circuit Court.

*D. W. Chambers* and *E. Saint*, for appellant.

*C. A. Buskirk*, Attorney General, and *R. D. Doyle*, for the State.

BUSKIRK, J.—The appellant was convicted in the court below for selling liquor without a license.

The first error calls in question the action of the court in overruling a motion to quash the indictment. The objection urged to the indictment is, that it does not sufficiently allege that the appellant sold without a license. The negation is in these words: "the said Burke not then and there having a license to sell intoxicating liquors to be drank upon the premises."

It is claimed that the negation should have been in one or the other of the following forms: "the said Burke not then and there having a license to sell intoxicating liquors in a less quantity than a quart at a time;" or, "the said Burke not then and there having a license to sell intoxicating liquors to be drank or suffered to be drank in his house, out-house, yard, or appurtenances thereto belonging."

It is contended, in argument, that, as there is no definition of the word "premises" in the present liquor law, the indictment should have followed the language of the statute defining the offence.

It is next insisted that the indictment is bad, because it does not aver that the liquor was drank or suffered to be drank on the premises of the appellant. The averment is, "did then and there unlawfully sell to Scott Toby one gill of intoxicating liquor, at and for the sum of ten cents, to be drank upon the premises."

The 12th section of the act of March 17th, 1875, is as follows:

"Any person not being licensed according to the provisions of this act, who shall sell or barter, directly or indirectly, any spiritous, vinous or malt liquors in a less quantity than a quart at a time, or who shall sell or barter any spiritous, vinous or malt liquors to be drank or suffered to be drank in his house, out-house, yard, garden, or the appurtenances thereto belonging, shall be deemed guilty of a misdemeanor," etc.

Two separate and distinct offences are created by the above section. The one for selling, without a license, any of the kinds of liquor specified, in a less quantity than a quart at a time; the other for selling, without license, any of said kinds of liquor, in any quantity, to be drank or suffered to be drank in his house, out-house, yard, garden, or the appurtenances thereto belonging. In the first case, an averment that the liquor was sold, without a license, in a less quantity than a quart at a time, will be sufficient, if the quantity sold is stated. In the other case, an averment that any quantity of liquor was sold without a license, to be drank or which was suffered to be drank in his house, out-house, yard, garden, or the appurtenances thereto belonging, will be sufficient.

In an indictment for selling in a less quantity than a quart at a time, without a license, there should be no reference, either in the body of the indictment or in the negative averments, to the place where the liquor was sold or where it was drank. Under the second clause of section 12, *supra,* the place where the liquor was sold to be drank, or was suffered to be drank, becomes important. There are five places specified:

1. His house.
2. His out-house.
3. His yard.
4. His garden.
5. The appurtenances thereto belonging.

Burke *v.* The State.

If the liquor is sold to be drank, or is suffered to be drank, in his house, the indictment should so aver, and so with each of the other places named. The averment as to where the liquor was sold to be drank, or was suffered to be drank, should conform to the fact in each particular case. The negation need not be in the exact language of the statute, but equivalent words may be used. *The State* v. *Buckner, ante,* p. 278. In the present case the negation should have been as follows:

"The said Burke not then and there having a license to sell intoxicating liquors in a less quantity than a quart at a time."

The negation in an indictment based upon the second clause of said section should conform to the charge made, and may be in one of the following forms:

"The said ——— not then and there having a license to sell intoxicating liquor, to be drank, or suffered to be drank, in his house."

If the liquor was sold to be drank, or was suffered to be drank, in his out-house, then that word should be used instead of the word "house;" and so the words "yard," "garden," or "appurtenances thereto belonging," should be used whenever such word is used in the charging part of the indictment.

The ruling in *Burke* v. *The State, ante,* p. 461, was based upon the ground that it did not appear from the indictment whether the liquor was sold to be drank, or was suffered to be drank, in the house of the defendant, or in the house of some other person, and does not conflict with the ruling in the present case.

The negation in the present case does not conform to the language of the statute or use equivalent words. The indictment is for selling liquor in a less quantity than a quart at a time. The negation should relate to the question whether the defendant was licensed to sell by a less quantity than a quart at a time, and not to whether he was

licensed to sell liquors to be drank, or suffered to be drank, in one of the five cases above specified.

The court erred in overruling the motion to quash the indictment.

The judgment is reversed, with costs; and the cause is remanded, with direction to the court below to quash the indictment.