## THE STATE v. WICKEY ET AL.

LIQUOR LAW.—*Sale without License.*—*Indictment.*—*Duplicity.*—An indictment charged, that the defendant, "not being then and there licensed according to the laws of Indiana," etc., unlawfully sold intoxicating liquor, in a less quantity than a quart at a time, "to be then and there drunk," etc., on the premises of the defendant.

*Held,* on motion to quash, that the indictment is not bad for duplicity.

*Held,* also, that the indictment sufficiently avers that the defendant was not licensed to sell intoxicating liquors.

From the Allen Criminal Circuit Court.

*S. M. Hench,* Prosecuting Attorney, for the State.

HOWK, J.—The appellees were indicted by the grand jury of the court below, at its October term, 1876.

The indictment charged, in substance, that on the 20th

The State v. Wickey et al.

day of October, 1876, at Allen county, Indiana, the appellees, "they not being then and there licensed, according to the laws of Indiana, in force at the time," unlawfully sold to John Downey intoxicating liquor, in a less quantity than a quart at a time, to wit, the quantity of two gills, at and for the price of ten cents, "to be then and there drunk and suffered to be drunk in the house, out-house, yard and garden" of the appellees, "situate in said county, and in the appurtenances then and there and thereto belonging."

On motion of the appellees, this indictment was quashed by the court below, and to this decision the State excepted, and appealed therefrom to this court. The only question, therefore, for our consideration in this case is this: Did the court below err in sustaining the appellees' motion to quash the indictment?

We have no brief from the appellees in this court, and, therefore, our only information in regard to their objection to the sufficiency of the indictment is derived from the argument of the cause in this court by the prosecuting attorney of the court below. These objections may be thus stated:

1. Duplicity, in that the indictment charges two distinct offences in a single count; and,

2. Uncertainty as to which one of two offences it was intended to charge the appellees with.

As to each of these objections, the decision of this court in the case of The State v. Wickey, 54 Ind. 438, is decisive of this case.

So far as these objections go, it will be seen, from a comparison of the indictment in this case with the indictment set out in the case cited, that the language used is precisely the same in the two indictments; that these same objections were urged against the indictment in the case cited; and that they were there held to be insufficient and not well taken. And so we hold, on the authority of that case, in the case now before us.

One other objection, it appears, was urged by the appellees in the court below against the indictment in this case, which we will briefly consider.

It was claimed, that after the words, "they not being then and there licensed," in the indictment, the words, "to sell intoxicating liquors," were necessary; and that, as these latter words were not in the indictment, therefore the indictment was not sufficient.

It seems to us, that this objection was not well taken.

The indictment contains the same language, in substance, as is contained in the section of the act under which it was found. It has been repeatedly held by this court, as a general rule, that this was sufficient. And, besides, the meaning of the language used in this indictment is made so plain by its context that the indictment can not be correctly charged with uncertainty on this ground.

In our opinion, the court below erred in sustaining the appellees' motion to quash the indictment in this case.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to overrule the motion to quash, and for further proceedings.