## DELANO v. THE STATE.

CRIMINAL LAW.—*Prostitute.—Affidavit and Information.*—Under section 5 of the act of 1877, Acts 1877, Spec. Sess., p. 80, defining the offence of being a prostitute, it is necessary to the sufficiency of an affidavit and information charging such offence, that they charge the defendant with the commission of acts constituting such offence.

From the Jackson Circuit Court.

Delano v. The State.

*J. B. Brown*, for appellant.

*T. W. Woollen*, Attorney General, and *F. L. Prow*, Prosecuting Attorney, for the State.

PERKINS, J.—Margaret Hattabaugh made an affidavit before the clerk of the Jackson Circuit Court, that, "As she is informed and believes, on or about the 8th day of December, 1878, at and within Jackson county and State of Indiana, Electa Delano was then and there a female prostitute, contrary to the form of the statute," etc.

On this affidavit, the prosecuting attorney, Fred. L. Prow, filed the following information:

" Fred. L. Prow, prosecuting attorney within and for the Forty-Second Judicial Circuit of the State of Indiana, now gives the court here to understand and be informed, that on the 8th day of December, 1878, at and within the county of Jackson and State of Indiana, Electa Delano was. then and there a female prostitute. Wherefore he prays for a warrant," etc.

" FRED. L. PROW, Prosecuting Attorney."

By her counsel said Delano moved to quash the affidavit and information. The motion was overruled, and the defendant was tried by the court, convicted, and fined five dollars and costs, etc. Appeal to this court.

The appellant was prosecuted under the 5th section of the vagrant act of 1877, Acts of the special session of that year, p. 80, which reads thus :

" SEC. 5. Any female, who shall so conduct herself as to be recognized and known as a courtesan, or shall frequent or live in houses of ill-fame, or associate with women of bad character for chastity, or at a house where men of bad character frequent or visit, or is known to be guilty of fornication for hire, shall be deemed and known as a female prostitute."

This section contains the definition of the offence.

Crimes generally consist of acts done, in some cases, in particular states of mind. In this case, the offence, if it existed, must have consisted of acts done or suffered. And the general rule of criminal pleading is, that the acts constituting the crime, in a given case, must be set forth in the pleading charging it, with a reasonable degree of certainty. Bicknell Crim. Prac., p. 83. "As to the description of the offence, it is, in general, sufficient to describe the offence, in the language of the statute defining it." Bicknell, *supra;* Moore's Crim. Law, p. 228.

It is needless to discuss this case. Neither the affidavit nor information contains any description of the offence. They were bad. The information should have been quashed. It is not a case where pleading so general as simply naming the crime charged is justified.

A question is raised as to the jurisdiction of the circuit court. It is claimed that the prosecution should have been instituted before a justice of the peace or a mayor. But we need not examine this question in the present case.

The judgment is reversed, and cause remanded to be dismissed.