The State *v.* Woolsey.

Filed Dec. 15, 1883.

---

No. 11,344.

## THE STATE *v.* WOOLSEY.

INTOXICATING LIQUOR.—*Premises Where Sold.—Affidavit and Information.—* Where the defendant is charged, under section 5320, R. S. 1881, with an unlawful sale of intoxicating liquor to be drunk on the premises where sold, the affidavit and information are insufficient on a motion to quash the same, if it does not appear therefrom that the premises are owned by, are in the possession or under the control of the defendant.

From the Montgomery Circuit Court.

*F. M. Howard,* Prosecuting Attorney, *J. H. Burford* and *W. T. Brush,* for the State.

*J. M. Thompson, W. B. Herod* and *W. H. Thompson,* for appellee.

HOWK, C. J.—In this case the affidavit and information charged " that at and in the county of Montgomery, and State of Indiana, one Clarence J. Woolsey did then and there unlawfully, on or about the 1st day of August, 1883, sell a cer-

tain intoxicating liquor to one William McClain, at and for the price of twenty cents, to be then and there drunk on the premises where sold; he, the said Woolsey, not then and there being licensed to sell intoxicating liquors to be drunk on the premises where sold."

The appellee's motion to quash the affidavit and information was sustained by the court, and the State excepted, and the appellee was discharged.

The State has appealed to this court, and has here assigned as error the decision of the court below in quashing the affidavit and information.

It is apparent, on the face of the affidavit and information, that it was intended to charge the appellee therein with one of the two offences defined in section 5320, R. S. 1881. So far as it is applicable to this case, this section provides as follows:

"Any person, not being licensed according to the provisions of this act, * * * * * who shall sell or barter any spirituous, vinous, or malt liquors to be drunk or suffered to be drunk in his house, out-house, yard, garden, or the appurtenances thereto belonging, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined," etc.

We are of opinion that the court did not err in sustaining the appellee's motion to quash the affidavit and information in this case. Every fact stated in the affidavit and information may have been strictly and literally true as charged, and yet the defendant be entirely innocent of the offence defined in the statute. It will be observed that it is not charged in the affidavit and information, that "the premises where sold" were the premises of the defendant. In the absence of any averment showing the contrary, it might well be supposed that the sale to William McClain, charged in the affidavit and information, was made by the defendant on McClain's premises, "to be then and there drank on the premises where sold." Such a sale might, perhaps, be immoral; but, certainly, it would not be a violation of the statute. The possessive pro-

noun " his," which is found in the statute, is utterly ignored in the affidavit and information in this case. We are satisfied with the construction placed upon the statute under consideration in *Burke* v. *State*, 52 Ind. 522, and that case is decisive of the case at bar, adversely to the State. *Stockwell* v. *State*, 85 Ind 522.

The judgment is affirmed.

