No. 15,269.

## Blough *v.* The State.

Intoxicating Liquor.—*Sale without License.*—*Premises.*—*Indictment.*—*Insufficiency of.*—An indictment under section 5320, R. S. 1881, charging a defendant with selling intoxicating liquors without a license, and suffering it "to be drank in and about the house where sold," but without averring that such house was the house of the seller, is insufficient.

From the Elkhart Circuit Court.

*J. D. Osborne* and *A. S. Zook,* for appellant.

Mitchell, C. J.—The charge in the indictment upon

which the appellant was convicted is, that on a day named, at the county of Elkhart, and State of Indiana, the defendant, not then and there being licensed to sell intoxicating liquor, did then and there unlawfully sell one quart of intoxicating liquor to a person named, " and did then and there suffer the same to be drank in and about the house where the same was sold as aforesaid." A reversal is asked on the ground that the court erred in overruling the appellant's motion to quash the indictment.

The indictment is predicated upon section 5320, R. S. 1881, which creates two offences. The first is selling intoxicating liquor in a less quantity than a quart without being duly licensed. The second is selling such liquors in any quantity without being licensed, with the intention that it is to be drank, or so selling and suffering it to be drank, in the seller's house, out-house, yard, garden, or the appurtenances thereto belonging.

In charging the offence created by the first clause of the statute, it is essential to aver a sale in a less quantity than a quart, without being duly licensed, but it is not necessary that there should be any particular reference to the place where the liquor was sold, provided it was within the county, nor to the place where it was to be, or was, drank; but when the offence created by the second clause of the statute is charged, the quantity sold is immaterial, but the place where the liquor was suffered, or intended, to be drank, is an essential ingredient in the charge. In such a case it must appear, with reasonable certainty, that intoxicating liquor, in some quantity, was sold without a license, to be drank, or suffered to be drank, in the house, out-house, yard, garden, etc., of the seller. *Schilling* v. *State*, 116 Ind. 200; *State* v. *Woolsey*, 92 Ind. 131; *Burke* v. *State*, 52 Ind. 522; *State* v. *Corll*, 73 Ind. 535; *Schlicht* v. *State*, 56 Ind. 173.

The indictment in the present case simply charges that the appellant, without being licensed, did, within the county of Elkhart, sell one quart of intoxicating liquor, and that he

suffered it to be drank in and about the house where it was sold. Such a sale is not within the prohibition of the statute. It is the sale of intoxicating liquor, in any quantity, without a license, with the intention that it shall be drank, on the making of such a sale, and suffering it to be drank on the premises (as described in the statute) of the seller, that is denounced by the statute. *Commonwealth* v. *Luddy*, 143 Mass. 563.

The pleader attempted to charge a violation of the last clause of the statute, and it is essential that it appear that the liquor was suffered to be drank, or that it was the intention that it should be drank, on the premises of the seller. Admitting everything that is charged in the indictment, and it may still be true that the liquor sold was not suffered to be drank about the house of the appellant. It is not charged that it was suffered to be drank in *his* house. *State* v. *Woolsey, supra.*

The motion to quash the indictment should have been sustained.

Judgment reversed.

