No. 504.

## HOWELL v. THE STATE.

CRIMINAL LAW.—*Indictment.—Venue.—Caption.*—Where the record showed that an indictment was returned by " the grand jury of Morgan county, Indiana, into open court," and in the indictment the grand jury was styled " the grand jury of the county of Morgan," it sufficiently appears that the " Morgan county " there named is the identical " Morgan county " named in the caption of the indictment, and which is there shown to be a county in the State of Indiana. The caption or margin of an indictment may be looked to to determine the question whether an indictment was found by the grand jury of the county in which the court was held.

SAME.—*Sale of Intoxicating Liquor.—Indictment.—Averment as to Selling Without License.*—In an indictment charging the defendant with selling " one quart of intoxicating liquor, to wit, beer, to be then and there drunk, and suffered to be drunk, in the house," etc., of the said " Thomas Howell, where the said liquor was sold," it was sufficient to aver that the defendant did not have a license under the State law to sell intoxicating liquor, and it was not necessary to aver that the defendant did not have a license to sell liquors to be drunk in the places named in the charging part of the indictment. The indictment followed substantially the words of the statute. This is ordinarily sufficient where the statute defines the offence which it creates.

SAME.—*Competency of Jurors.—Formation and Expression of Opinion.—Ability to Yield to Evidence.*—On a trial for selling intoxicating liquor to be drunk on the premises, two of the jurors who served upon the trial were challenged for cause, but were held by the trial court to be competent. They both served the day before upon a jury in a criminal cause, in which the appellant was the defendant, which involved, to some extent, the question as to how the appellant used, and permitted to be used, his house, the lot in the rear of it, and the appurtenances belonging to the house in the matter of the sale and drinking of liquors, They said, on their *voir dire*, that they had formed and expressed an opinion as the result of that trial as to how said premises were shown to have been kept, but that the opinion so formed would yield to evidence, and that they could try the case at bar fairly and impartially, and that it would not require any more evidence favorable to the appellant to enable them to render a verdict in his favor in the present case than if they had not heard the evidence in the former case. It was not shown that they had talked with the witnesses or ever heard them testify as to the subject-matter involved, or that they had any prejudice against the appellant, or the business in which he was engaged.

Howell *v*. The State.

*Held*, that under section 1793, R. S. 1881, the court did not abuse its discretion in allowing said jurors to serve.

From the Morgan Circuit Court.

*J. H. Jordan, O. Matthews* and *H. A. Smock,* for appellant.

*A. G. Smith,* Attorney General, *E. S. Davis,* Prosecuting Attorney, *N. A. Whitaker, J. M. Bishop* and *J. J. Hilton,* for the State.

NEW, J.—The appellant was indicted, tried and convicted for a violation of section 5320, R. S. 1881.

Errors are assigned upon the overruling of a motion to quash the indictment, and the overruling of motions for a new trial and in arrest of judgment.

The indictment is as follows :

" State of Indiana, Morgan County, ss. : In the Morgan Circuit Court, February Term, 1891.

" The State of Indian *v*. Thomas Howell."

" The grand jury of the county of Morgan, upon their oaths, do present that at the county of Morgan in the State of Indiana, on the 15th day of November, 1890, one Thomas Howell did then and ,there unlawfully sell to Moses Crutchfield, at and for the price of fifteen cents, one quart of intoxicating liquor, to wit, beer, to be then and there drunk and suffered to be drunk in the house, outhouse, yard, garden, and the appurtenances thereto belonging, of the said Thomas Howell, where the said liquor was sold, he, the said Thomas Howell, not then and there having a license, under the State law, to sell intoxicating liquor, contrary, etc.

" EDWARD S. DAVIS, Prosecuting Atty."

Upon the motion to quash it is urged by counsel for the appellant that it can not be understood from the indictment that it was found by the grand jury of the county in which the court was held ; that for anything that appears in the indictment, it may have been found by a grand jury of a county named Morgan in some other State. We think the

objection is without merit.   It is shown by the record that the indictment was returned " by the grand jury of Morgan county, Indiana, into open court."   In the indictment the grand jury is styled " the grand jury of the county of Morgan."   It is impossible to doubt that the Morgan county thus named is the identical " Morgan county " named in the caption of the indictment, and which is there shown to be a county in the State of Indiana.   Morgan county, Indiana, was the county in which the grand jury and court were sitting, and the offence committed is in the body of the indictment laid " in the county of Morgan, in the State of Indiana."   No question has been raised but that the grand jury possessed all the statutory qualifications.

That the caption, or margin, of an indictment may be looked to in determining questions of this kind we cite : *Evarts* v. *State,* 48 Ind. 422; *Long* v. *State,* 56 Ind. 133; *State* v. *Beebe,* 83 Ind. 171; *State* v. *Lane,* 4 Ired. 113; *State* v. *Jordan,* 12 Tex. 205; *Commonwealth* v. *Quin,* 5 Gray, 478; *State* v. *Wentworth,* 37 N. H. 196; Moore Criminal Law (2d ed.), section 46 and notes; 1 Bishop Criminal Procedure (3d ed.), section 383; sections 1755, 1756, R. S. 1881.

It is further claimed by appellant's counsel that the words, " he, the said Thomas Howell, not then and there having a license under the State law to sell intoxicating liquors," do not constitute a sufficient negation or denial of the appellant's right to sell intoxicating liquors as charged.

The indictment is based upon the following statute :

" Any person not being licensed according to the provisions of this act, who shall sell or barter, directly or indirectly, any spirituous, vinous or malt liquors in a less quantity than a quart at a time, or who shall sell or barter any spirituous, vinous or malt liquors to be drunk or suffered to be drunk in his house, out-house, yard, garden or the appurtenances thereto belonging; shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall be fined in any sum not less than twenty dollars nor more than one hun-

dred dollars, to which the court or jury trying the cause may add imprisonment in the county jail, of not less than thirty days nor more than six months."

By this statute two distinct offences are created : The first is the selling or bartering directly or indirectly, without a license, the kind of liquors named, in less quantities than a quart at a time. The second is the selling or bartering, without license, the kind of liquors named, to be drunk or suffered to be drunk in the house, etc.

The acts thus named are made criminal when done by " any person not being licensed according to the provisions of this act." The indictment plainly charges the commission by the appellant of the offense named in the second clause of the section, and affirms that the appellant did not then and there have a license under the laws of this State to sell intoxicating liquor.

Counsel for the appellant say that the negation should have been more than this ; that it should have been alleged that the appellant did not have license to sell liquor to be drunk in the places named in the charging part of the indictment.

The indictment charges the offence complained of substantially in the words of the statute. This is ordinarily sufficient where the statute defines the offence which it creates. 1 Bishop Criminal Procedure (3d ed.), sections 611, 612. This rule has been applied by the Supreme Court of this State to cases arising under the statute here involved. See State v. Wickey, 57 Ind. 596 ; Delano v. State, 66 Ind. 348 ; Shinn v. State, 68 Ind. 423 ; State v. Allisbach, 69 Ind. 50 ; Payne v. State, 74 Ind. 203 ; Howard v. State, 87 Ind. 68 ; Betts v. State, 93 Ind. 375 ; State v. Miller, 98 Ind. 70 ; State v. Giles, 125 Ind. 124.

Our attention has been called to the case of Burke v. State, 52 Ind. 522. In that case the indictment was for selling liquor in a less quantity than a quart at a time without

license.    The question as to the proper form of negation in a case like the present was therefore not directly involved.

In the case of *State* v. *Wickey, supra*, a case like this, the words of negation used in the indictment were, " they not being then and there licensed, according to the laws of Indiana, in force at that time.    The court held this to be sufficient, saying :    " It seems to us this objection is not well taken.    The indictment contains the same language, in substance, as is contained in the section of the act under which it is found.    It has been repeatedly held by this court, as a general rule, that this was sufficient.    And, besides, the meaning of the language used in this indictment is made so plain by its context that the indictment can not be correctly charged with uncertainty on this ground."

The same may be said of the objection now being considered.    The indictment in the present case is not unlike, in all essential respects, the form in most general use, in such cases.    See Gillett Criminal Law, section 577, and notes.

Two of the jurors who served upon the trial were challenged for cause, but were held by the trial court to be competent.. They both served the day before upon the jury in the trial of a criminal cause in which the appellant was the defendant.    The character of that case is not disclosed by the record, except that it involved to some extent the question as to how the appellant used, and permitted to be used, his house, the lot in the rear of it, and the appurtenances belonging to the house in the matter of the sale and drinking of liquors.

The jurors so challenged said, on their *voir dire*, that they had formed and expressed an opinion, as the result of that trial, as to how said premises were shown to have been kept. They also said that the opinion, so formed, would yield to evidence ; that they could try the case at bar as fairly and impartially upon the evidence and law as if they had not heard the other case.    They also said that it would not require any more evidence favorable to the appellant to enable them to render a verdict in his favor in the present case than

if they had not heard the evidence in the former case. It does not appear that they had formed or expressed an opinion as to the guilt of the appellant in the case at bar, nor that they had.talked with the witnesses, or ever heard them testify as to the subject-matter involved. It is not shown that they had any prejudice against the appellant or the business in which he was engaged. Nor would it seem from the questions propounded that they were suspected, in that regard.

The second clause of section 1793, R. S. 1881, declaring what shall be good cause for challenge in a criminal trial, reads thus: " That he has formed or expressed an opinion as to the guilt or innocence of the defendant. But if a person called as a juror state that he has formed or expressed an opinion as to the guilt or innocence of the defendant, the court or the parties shall thereupon proceed to examine such juror on oath as to the ground of such opinion ; and if it appears to have been founded upon reading newspaper statements, communications, comments, or reports, or upon rumors or hearsay, and not upon conversations with witnesses of the transaction, or reading reports of their testimony, or hearing them testify ; and the' jurors state on oath that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and evidence, the court, if satisfied that he is impartial and will render such verdict, may, in its discretion, admit him as competent to serve in such case."

Whatever impressions had been made upon the minds of the challenged jurors relative to the appellant's use of the premises in controversy were made by the testimony heard by them in the previous trial. We do not believe it was the purpose of the statute by a challenge for cause to exclude from the trial of a case a juror simply and necessarily because during the same term of court, or at some former term, he had served as a juror in a case against the same party, and had thereby become acquainted in some degree with the use to which the

premises of the party had been put, as shown by the evidence in that particular case, and as connected with that particular case. A juror may know of facts or circumstances tending to create the belief in his mind that the accused is a man to be suspected of guilty practices in the respects charged, and yet be able and entirely willing to join readily in a fair and impartial verdict. If such persons are to be necessarily excluded from serving on juries it would often happen that in an entire community the number would be few who could escape challenge for cause as jurors in cases of open and flagrant violation of law. If such a rule should, in every case, be applied it would be of frequent occurrence that the trial of one cause by the regular panel of jurors would disqualify them, no matter what their character as jurors, from trying other causes against the same party. A very large discretion must necessarily be lodged with the trial court in its decision as to the competency of jurors. It is only where there has been a manifest abuse of such discretion that this court can interfere. *Elliott* v. *State*, 73 Ind. 10; *Shields* v. *State*, 95 Ind. 299; *Stephenson* v. *State*, 110 Ind. 358; *Dolan* v. *State*, 122 Ind. 141.

Instructions given by the court are complained of by the appellant. We do not think they are subject to criticism. They were not unfavorable to the appellant.

We are asked to reverse the judgment upon the evidence. This we can not do. The evidence for the State sustains the verdict on all material points. No evidence was introduced by the appellant.

The court did not err in overruling the motion in arrest of judgment.

The judgment is affirmed, with costs.

Filed March 4, 1892.