Gavin, J.
The indictment against appellee, omitting the formal parts, charged that he, "on May 30, 1893, at Jay county, Indiana, did then and there unlawfully sell to Grant Kikendall, at and for the price of five cents, a less quantity than a quart at a time, to wit, one pint of certain intoxicating liquor, to wit, beer; he, the said William Ashcraft, not then and there having a license under the State law to sell intoxicating liquors.”
To this indictment a motion to quash was sustained *407 upon the ground, as we are informed by the prosecuting attorney, that it did not state that the defendant did not have license to sell intoxicating liquor “in quantities less than a quart.”
The only license to sell intoxicating liquors authorized by our State law is one which permits the applicant to sell them in “less quantities than a quart at a time, with the privilege of permitting the same to be drunk on the premises as stated in the aforesaid notice.” R. S. 1894, section 7283; R. S. 1881, section 5318.
The statute declaring the offense and its penalty is section 7285, R. S.1894, and reads: “Any person, not being licensed according to the provisions of this act, who shall sell or barter, directly or indirectly, any spirituous, vinous, or malt liquors in a less quantity than a quart at a time, * * * shall be deemed guilty of a misdemeanor,” etc.
The indictment under consideration clearly shows a violation of this section of the statute.
While it would have been proper and sufficient to have averred that the defendant did not have a license under the State law to sell intoxicating liquors “in a less quantity than a quart at a time” (Burke v. State, 52 Ind. 522), there is nothing technical in this averment, which requires that precise language to be used. The offense denounced by the statute is selling intoxicating liquors in a less quantity than a quart without a license authorizing it.
If the party charged has no license authorizing him to sell intoxicating liquors (as is here averred), it follows necessarily that he has none permitting him to sell in less quantity than a quart at a time. The greater always includes the less.
Under the authorities, the want of a license is sufficiently charged. State v. Buckner, 52 Ind. 278, and *408 cases cited; State v. Wickey, 57 Ind. 596, 2 Allen, 507, and cases cited; Gillett Crim. Law, section 576.
Filed Dec. 14, 1894.
In Howell v. State, 4 Ind. App. 148, this court held the exact language of this allegation to be a sufficient negation of the possession of a license.
Judgment reversed, with instruction to the trial court to overrule the motion to quash.