## THE STATE v. THOMPSON.

[No. 3,254. Filed November 27, 1900.]

CRIMINAL LAW.—*Failure to Pay Dog Tax.—Indictment.*—An indictment, under the act of 1897 (Acts 1897, p. 178), for keeping or harboring a dog without holding a township assessor's or township trustee's receipt showing the required tax has been paid for same as provided in said act, which follows the language of §9 thereof is sufficient.

From the Sullivan Circuit Court. *Reversed.*

*W. L. Taylor,* Attorney-General, *A. E. Dickey, C. D. Hunt, Merrill Moores* and *C. C. Hadley,* for State.

*J. S. Bays,* for appellee.

HENLEY, C. J.—By §2864i Burns Supp. 1897, it is made a misdemeanor for any person who does not hold a township assessor's or township trustee's receipt, showing the required tax has been paid for the same, as is provided in the act of which this section is a part, to keep, harbor, board or feed, or permit any dog to stay about his, her, or their premises; the penalty being a fine in any sum not exceeding $10. Under this section of the statute, an indictment was returned against appellee by the grand jury of Sullivan county. The lower court, upon a motion to quash, held the indictment insufficient and appellee was discharged. The State appeals from this ruling of the court.

Section 2864i is one of the sections of an act regulating the taxing of dogs, passed by the legislature in 1897. Acts of 1897, p. 178. Section 2864b of said act is as follows: "The township assessor shall give to each person a receipt for such money paid him, which shall be designated for dog tax, which receipt shall show the person's name who owns, harbors or keeps the dog, the amount paid, and the number, description and kind of dogs paid for, and whether male or female, and the number of each, which receipt shall relieve the person or persons owning, keeping or harboring such

dogs for the current year, extending one year from its date or until the next regular township assessment. Such township assessor shall keep a record of the person or persons owning dogs and a record of the dogs paid for. And he shall keep a stub record or copy of the receipts given by him for money paid him as dog tax; such stub record shall show the amount paid him, the number of dogs, both male and female, paid for, and the person's name, owning the dogs so paid for. And he shall within five days after the completion of the assessment of his township, each year turn over to the township trustee of his township all the records kept by him relating to the collecting and payment of dog tax, and a copy of all receipts given by him to persons having paid him money as dog tax, and all money received by him as dog tax." In this section it will be noted that it is made the duty of the assessor to give to the owner or keeper of a dog a receipt and this receipt is not only to evidence the amount of money paid, but it must contain the owner's name, must show whether the dog paid for was a male or female, must show what kind of a dog it was, and must contain a description of the dog. It is made the duty of the assessor, amongst other things, to turn over to the township trustee a copy of all receipts given by him to persons having paid him money as dog tax.

By §2864d Burns Supp. 1897, it is provided that "Any person who shall keep or harbor any dog, and shall not have paid the *township assessor* the tax as above specified *and received his receipt*" as therein specified, shall be subject to a fine of not less than $5 or more than $20. The owner of a dog is made doubly secure against a prosecution for a failure to pay the tax and hold the receipt, if in fact such tax had been paid by him, because the records of both the assessor and the trustee would furnish him a complete defense. And this receipt which the statute provides for is an identification of the owner by name and of the dog by kind and description. A person who owns, keeps or harbors

a dog, and has paid the tax and received the receipt as the law provides, is the holder of the receipt. The fact that he may have lost or misplaced his receipt could make no difference, nor could it subject him to a prosecution under any section of this act.

By §2864e Burns Supp. 1897, it is provided that if any person shall acquire, keep or harbor a dog after the assessor shall have completed his assessment, he shall pay to the township trustee of his township the amount of tax provided in said act, and shall receive the receipt of the *township trustee* for the same. Thus by section 2864d Burns Supp. 1897 it is made a misdemeanor to fail to pay the township assessor and receive his receipt, and by §2864i, it is made a misdemeanor for any person to fail to hold either the receipt of the township assessor or the receipt of the township trustee showing that the tax has been paid. The indictment is in the language of the statute. It will not be contended that the terms of the statute under which this indictment is brought are broader than the intent of the legislature. *Skinner* v. *State,* 120 Ind. 127; *Howell* v. *State,* 4 Ind. App. 148.

There is no room for the construction of this section of the statute other than to give to the words employed their plain and ordinary meaning. If a person has paid to the assessor, or to the township trustee, the tax provided for in the act, and received a receipt therefor, he is the holder of the receipt. The statute imposes no hardship upon any one. We think the indictment properly charges an offense under §2864i Burns Supp. 1897.

The appeal of the State is sustained.